In re Janet BLACK a/k/a Janet Cominos, Debtor.

Janet BLACK a/k/a Janet Cominos, Plaintiff,

v.

GREAT LAKES HIGHER EDUCATION CORPORATION, Defendant.

Bankruptcy No. 96–05779–6J7.
Adversary No. 97–34.

United States Bankruptcy Court,
M.D. Florida,
Orlando Division.

July 28, 1997.

Stuart S. Ferderer, Orlando, FL, for Plaintiff.

Gary J. Lublin, Orlando, FL, for Great Lakes Higher Education Corporation.

Barry Nager, Orlando, FL, for Student Loan Marketing Association.

*ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT*

KAREN S. JENNEMANN, Bankruptcy Judge.

This adversary proceeding came on for hearing on July 10, 1997, on the Motion for Summary Judgment (the "Motion") filed by Great Lakes Higher Education Corporation

(the "Defendant") (Doc. No. 19). The Defendant filed a memorandum of law (Doc. No. 20) in support of the Motion and the Plaintiff, Janet Black (the "Debtor"), filed a response (Doc. No. 25). After reviewing the pleadings, considering the arguments presented by counsel, and the applicable law, the Motion is granted.

The Plaintiff filed for bankruptcy relief under Chapter 7 of the Bankruptcy Code on September 9, 1996 (the "Petition Date") (Doc. No. 1). In the complaint initiating this adversary proceeding, the Plaintiff seeks a determination that the Plaintiff's student loan indebtedness is dischargeable pursuant to 11 U.S.C. § 523(a)(8) because the loans first became due more than seven years prior to the filing of her petition. The Plaintiff does not allege any type of undue hardship.

The undisputed facts indicate that the Plaintiff obtained several educational loans from the Defendant between 1983 to 1985 (the "Original Loans"). Although the Plaintiff started making payments under these Original Loans more than seven years prior to the filing of this bankruptcy petition, on May 25, 1990, less than seven years prior to the Petition Date, the Plaintiff entered into a new loan with the Defendant (the "Consolidation Loan"). The Consolidation Loan repaid the entire indebtedness due under the Original Loans. The notes relating to the Original Loans were marked "paid in full." The new loan had different terms, a different interest rate and, significantly, an extended repayment period. Indeed, the Plaintiff acknowledges in her response to the Motion (Doc. No. 25) that the debt due to the Defendant was incurred in May 1990.

*Section 523(a)(8).* Student loan debts are not dischargeable unless:

> (a) such loan ... first became due before more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of filing the petition.

11 U.S.C. § 523(a)(8)(1997).

The sole issue raised by the Motion is when the seven years starts to run—from the date the Original Loans became due, or from the date the first payment under the Consolidated Loan became due.

When older educational loans are consolidated by a debtor, a new loan is created for the purposes of § 523(a)(8). The old loan or loans are paid, and they are no longer in existence. *Hiatt v. Indiana State Student Assistance Commission,* 36 F.3d 21 (7th Cir. 1994); *Pennsylvania Higher Education Assistance Agency v. McKinney (In re McKinney),* 1992 WL 265992 (N.D.Ohio 1992); *Cobb v. United Student Aid Funds, Inc.,* 196 B.R. 34 (Bankr.E.D.Va.1996). The first payment date on the consolidated loan is considered to be the date that the new loan first becomes due. *Hiatt,* 36 F.3d at 25.

In enacting and recently amending § 523(a)(8), Congress wished to express a strong public policy in favor of the repayment of student loans. *McKinney; Cobb v. United Student Aid Funds, Inc. (In re Cobb),* 196 B.R. 34, 36 (Bankr.E.D.Va.1996). This policy was clearly shown in 1990 when Congress lengthened the period under § 523(a)(8) from five years to seven years.

Moreover, the debtor would not have entered into a consolidation loan unless he or she received some type of benefit such as an extended repayment period or lower interest rate. A debtor is not forced to receive these benefits but voluntarily chooses to consolidate his or her obligations. However, the debtor then cannot reject the burdens arising from the decision, one of which is that the consolidated loan starts a new seven-year period ticking under Section 523(a)(8).

*Summary Judgment.* Pursuant to Federal Rule of Civil Procedure 56, which is applicable under Federal Rules of Bankruptcy Procedure 7056 and 9014, the court may grant summary judgment where "there is no genuine issue as to any material fact and the moving party is entitled to a judgment as a matter of law." The burden of establishing the right to summary judgment is on the movant. *Fitzpatrick v. Schiltz (In re Schiltz),* 97 B.R. 671, 672 (Bankr.N.D.Ga. 1986) and cases cited therein. The burden therefore is on the Plaintiff to demonstrate an entitlement to summary judgment.

*Analysis.* In this case, the Debtor does not dispute that she consolidated the

amounts due under the Original Loans by signing a promissory note in favor of the Defendant on May 25, 1990. Under this agreement, all of the Defendant's three prior loans were canceled, and a new loan was created. The Original Loans were paid. The first payment on the Consolidated Loan was due some time after May 1990 and certainly was due less than seven years prior to the Petition Date.

Accordingly, the Defendant has established it is entitled to summary judgment. The debt arising under the Consolidated Loan is not dischargeable under Section 523(a)(8). The Defendant, in its counterclaim, has requested a judgment for the amount due under the Consolidated Loan. The Plaintiff has raised a factual dispute as to the exact amount due. For these reasons, it is

ORDERED:

1. The Defendant's Motion is granted.

2. The Plaintiff's student loan debt is not dischargeable.

3. A status conference is scheduled for **2:30 p.m. on September 23, 1997,** to resolve any other pending motions and to schedule the trial on the counterclaim filed by the Defendant to determine the amount due under the Consolidated Loan.