**In re Richard W. MEEKER, Debtor.**

**Richard W. MEEKER, Plaintiff,**

v.

**EDUCATIONAL CREDIT
MANAGEMENT CORP.,
Defendant.**

Bankruptcy No. 96–32160.
Adversary No. 96–3323.

United States Bankruptcy Court,
N.D. Ohio,
Western Division.

July 13, 1998.

Raymond Beebe, Toledo, OH, for plaintiff.

Howard Hershman, Toledo, OH, for defendant.

### DECISION AND ORDER

BURTON PERLMAN, Bankruptcy Judge.

In this adversary proceeding, debtor in the related Chapter 17 case seeks a declaration of dischargeability of certain student loan obligations pursuant to 11 U.S.C. § 523(a)(8)(A). The parties hereto agreed at a pretrial conference that this proceeding could be submitted for decision by the court on memoranda of law and a stipulation of facts. An order was entered on November 14, 1997, setting the deadline to file such memoranda and stipulation at November 25, 1997.

Memoranda have been submitted by the parties. However, despite our order, the parties have not supplied the court with a stipulation of facts. In a status report to the court, defendant stated, without further elaboration, that "it has been unable to reach an accommodation with plaintiff concerning the stipulation of facts in this case."

Ordinarily, without a stipulated factual record upon which to base our decision, this matter would have to proceed to trial, at which time the parties would present evidence on the disputed questions of fact. However, where the sole question before us, as presented to the court at the prior status conference and as set out in the parties' respective memoranda, is a purely legal one concerning the interpretation of § 523(a)(8)(A), it is entirely appropriate for us to decide this matter, sua sponte, by way of summary judgment. As the Supreme Court has observed, "Federal Courts have long recognized that if there is no genuine issue as to any material fact, the court may enter summary judgment, sua sponte." *Celotex Corp. v. Catrett,* 477 U.S. 317, 326, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The Sixth Circuit also recognizes this authority, but requires that the opposing party "be afforded notice and a reasonable opportunity to respond to all issues to be considered by the court." *Routman v. Automatic Data Processing, Inc.,* 873 F.2d 970, 971 (6th Cir. 1989).

In our order entered November 14, 1997, the parties were each given the opportunity to brief the legal issues and the opportunity to respond to the issues raised in each other's memorandum. Although entitled "Pretrial Memorandum" and "Pretrial Brief," we conclude that the documents are the equivalent of motions for summary judgment. In fact, defendant supported its memorandum with a supporting affidavit, as is contemplated by Fed.R.Bankr.P. 7056(e). Neither party disputes any factual assertion made by the other. Thus, we will treat the parties' submissions as equivalent to cross-motions for summary judgment and decide this matter pursuant to the standard set out in Fed. R.Bankr.P. 7056(e).

From the various submissions of the parties, we can glean the following facts, which are either uncontroverted, or for the reason set out below, immaterial to the present controversy. Plaintiff obtained two student loans, which became due some time prior to filing his bankruptcy petition. Plaintiff contends that the loans first became due in 1984. We will assume, arguendo, that this assertion

is true. In June, 1995, plaintiff executed a Loan Consolidation Verification Certificate, and subsequent to that date a check was issued by the Bank of America paying the outstanding balance due on plaintiff's student loans, with the California Student Aid Commission as the guarantor. In its Affidavit in Support of Educational Credit Management Corporation's Trial Brief, defendant states that it is the current holder of the plaintiff's consolidated loan, although the transactions whereby defendant acquired the loan are not readily apparent from its submissions. Nonetheless, plaintiff does not controvert this assertion, and we will accept it as true.

On these limited facts, we must evaluate plaintiff's and defendant's cross motions for summary judgment. A motion for summary judgment should be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c), made applicable in bankruptcy by Fed.R .Bankr.P. 7056. The moving party bears the burden of showing that there is no genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323–24, 106 S.Ct. 2548, 2552–53, 91 L.Ed.2d 265 (1986).

The sole legal question presented is whether student loans, consolidated into a single loan beyond seven years after the loans first became due, are dischargeable pursuant to 11 U.S.C. § 523(a)(8)(A), which provides in relevant part that:

(a) A discharge under section 727, 1141, 1228(a) 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt

\*     \*     \*     \*     \*     \*

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless

\*     \*     \*     \*     \*     \*

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition;

\* \* \* \* \* \*

It is clear from the language of the statute that a student loan is dischargeable after the loan has been due for more than seven years. What is unclear, and what is at the heart of the present controversy, is whether the act of consolidating several student loans into a single loan has any effect on the running of the seven year period. In other words, does consolidation reset the seven-year clock for § 523(a)(8)(A) dischargeability purposes?

Plaintiff contends that the debt which it now seeks to discharge is in fact the same obligation that first became due well beyond seven years before the filing of the present chapter 7 bankruptcy. Urging us to adopt the reasoning applied by the bankruptcy court in *In re McKinney*, 120 B.R. 416 (Bankr.N.D.Ohio 1990), *rev'd*, 1992 WL 265992 (N.D.Ohio May 12, 1992), plaintiff argues that consolidation of pre-existing student loans has no effect on the running of the seven year dischargeability period set prescribed by § 523(a)(8). Further, plaintiff argues that his case is distinguishable from the growing majority of decisions which hold that consolidation resets the clock, because the original loans already had been due for over seven years at the time of consolidation.

Defendant likewise relies on *McKinney*; however, defendant correctly observes that the district court reversed the bankruptcy court's decision and held that, when student loans are consolidated, the seven year dischargeability period commences upon the date when the consolidation loan first became due, and not on the date when the original loans first became due. Moreover, defendant points us to authority from other jurisdictions which has held in accordance with the district court *McKinney* decision. Lastly, defendant argues that public policy supports its position that a consolidation loan is a new loan which restarts the repayment period.

Our review of the authorities discloses that the majority view, and the view which predominates in the more recent cases, is that consolidation does "reset the clock." *See Hiatt v. Indiana State Student Assistance Com'n*, 36 F.3d 21 (7th Cir.1994); *United States v. McGrath*, 143 B.R. 820 (D.Md.1992), *aff'd*, 8 F.3d 821 (4th Cir.1993); *In re McKinney*, 1992 WL 265992 (N.D.Ohio May 12, 1992); *In re Cobb*, 196 B.R. 34 (Bankr. E.D.Va.1996); *In re Hesselgrave*, 177 B.R. 681 (Bankr.D.Or.1995); *In re Menendez*, 151 B.R. 972 (Bankr.M.D.Fla.1993); *In re Saburah*, 136 B.R. 246 (Bankr.C.D.Cal.1992); *In re Martin*, 137 B.R. 770 (Bankr.W.D.Mo. 1992).

After due consideration, we have concluded and hold that the majority view is correct and that consolidation resets the seven-year clock for § 523(a)(8) dischargeability purposes. We are persuaded by the reasoning applied by the District Court in *McKinney*, which held that:

> The words "such loan" refer to the loan which created the debt sought to be discharged. There is only one loan and one debt in existence. The old, original loans were paid off. The old creditors are no longer involved. There is only a new loan, the consolidation loan. There was no assignment of old obligations, but rather a new loan.

1992 WL 265992, at \*2.

Our holding here is further supported by the plain language of the statutes at issue here, § 523(a)(8) and 20 U.S.C. § 1078–3. Section 1078–3, enacted as part of the 1986 amendments to the Higher Education Act, expressly provides for the extinguishment of the underlying student loan obligations upon consolidation. At paragraph (b)(1)(D), the statute requires that:

> the proceeds of each consolidation loan will be paid by the lender to the holder or holders of the loans so selected to *discharge the liability on such loans*. (emphasis added).

Clearly, Congress intended that upon consolidation, there shall be only one loan in existence, that being the consolidation loan. By the express terms of § 1078–3, the underlying loans and their concomitant terms are of no consequence after consolidation. Therefore, the time when "such loan … first

became due" can only refer to the date when the consolidation loan first became due.

In the case before us, plaintiff does not contend that the consolidation loan first became due more than seven years before the filing of his Chapter 7 petition. Rather, plaintiff argues that facts unique to this case require that we reach a contrary conclusion. At the time plaintiff entered into the consolidation loan agreement, the original student loans had been due for over seven years. To hold such debts nondischargeable, argues plaintiff, would circumvent "congressional intent and public policy for a fresh start after a reasonable repayment period ... by the collection tactics of the servicing agency."

We are unpersuaded by plaintiff's argument in this regard. The length of time the original loans were outstanding before the consolidation loan is really immaterial. A seven year period has no significance outside bankruptcy, and plaintiff obtained the consolidation loan well before he filed bankruptcy. Moreover, this argument ignores the plain statutory directive of § 523(a)(8) and § 1078–3, which requires that we consider only the terms of the consolidation loan, and not the underlying, discharged obligations.

Although the fresh start policy is undeniably an important aspect of bankruptcy law, Congress made its intent to give force to countervailing public policies clear in its adoption of the nondischargeability provisions of § 523. Congress excepted certain debts from discharge on the ground that "the creditors' interest in recovering full payment of debts in these categories [of § 523] outweighed the debtors' interest in a complete fresh start." *Hiatt,* 36 F.3d at 24 (quoting *Grogan v. Garner,* 498 U.S. 279, 287, 111 S.Ct. 654, 659, 112 L.Ed.2d 755 (1991)).

From the uncontroverted facts presented to us, we find that plaintiff received his consolidation loan in 1995, only one year prior to his bankruptcy filing. Because this loan did not first become due at least seven years before his filing, the loan which plaintiff seeks to discharge is nondischargeable pursuant to § 523(a)(8). Consequently, plaintiff's motion for summary judgment is de-

nied, and defendant's motion for summary judgment is granted.

So Ordered.