**In re Charles STRICKLEN and Linda Kay Stricklen.**

**Charles and Linda Kay STRICKLEN, Plaintiffs,**

v.

**W.D. FORD DIRECT CONSOLIDATION, Defendant.**

**Bankruptcy No. 97–51002 S.
Adversary No. 98–5025.**

United States Bankruptcy Court,
E.D. Arkansas,
Pine Bluff Division.

Aug. 20, 1998.

David Gunti, Pine Bluff, AR, for plaintiffs.

Fletcher Jackson, Assistant U.S. Attorney, Little Rock, AR, for defendant.

### ORDER GRANTING MOTION FOR SUMMARY JUDGMENT

MARY D. SCOTT, Bankruptcy Judge.

THIS CAUSE is before the Court upon the defendant's Motion for Summary Judgment, filed on June 26, 1998, to which the plaintiffs responded on August 6, 1998, and the defendant replied on August 7, 1998. The debtors filed this adversary proceeding seeking a determination that a student loan debt is dischargeable inasmuch as the debtors' obligation became due more than seven (7) years before the date of the filing of the petition in bankruptcy.[1] The defendant asserts that the debtor Linda Stricklen obtained a consolidated loan on October 16, 1996, and that the first payment was not due until March 14, 1997, such that the debt is not dischargeable under 11 U.S.C. § 523(a)(8)(A).

 Section 523(a)(8)(A) provides for discharge of student loans funded by a governmental unit if the date the loan first became due is more than seven years before the date of the filing of the bankruptcy petition. In the instant case, the plaintiffs assert that the loan at issue first became due more than seven years before the bankruptcy case and that any later "consolidation" of the single loan does not alter the date utilized in calculating the dischargeability of the debt. The undisputed evidence[2] before the Court is that the debtor Linda Stricklen signed a note on October 16, 1996, for the debt which is at issue in this case and that the debt first became due on March 14, 1997. Accordingly, under the plain language of the statute, the debt is nondischargeable.

The fact that there may have been an earlier note that was discharged upon the signing of the new note, 34 C.F.R. § 685.215, does not alter this result. The debt at issue is evidenced by the promissory note signed on October 16, 1996, and not any earlier note. The outstanding debt that the plaintiff owes to the defendant is the new debt incurred when Linda Stricklen signed the Federal Direct Consolidated Loan Promissory Note. Since that debt first became due in 1997, it is nondischargeable pursuant to 11 U.S.C. § 523(a)(8)(A). *See Hiatt v. Indiana State Student Assistance Comm'n,* 36 F.3d 21 (7th Cir.1994), *cert. denied,* 513 U.S. 1154, 115 S.Ct. 1109, 130 L.Ed.2d 1074 (1995); *United States v. McGrath,* 143 B.R. 820 (D.Md.1992), *aff'd,* 8 F.3d 821 (4th Cir.1993); *Cobb v. United Student Aid Funds, Inc. (In re Cobb),* 196 B.R. 34 (Bankr.E.D.Va.1996); *In re Martin,* 137 B.R. 770 (Bankr.W.D.Mo. 1992).

 The debtor argues that since she previously had only one note there can be no "consolidation," and, therefore, no new obligation date. First, the fact that the debtor previously held only one note and substituted and signed the new note under 20 U.S.C. § 1087e(g), governing "Federal Direct Consolidated Loans," providing for consolidation of loans, does not alter the fact that the

---

1. Although both debtors are named as plaintiffs it appears that only Linda Kay Stricklen is obligated on the note.

2. Rule 56, Federal Rules of Civil Procedure, provides that summary judgment shall be granted where the pleadings, depositions, answers to interrogatories, admissions or affidavits show that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *Burnette v. Dow Chemical Company,* 849 F.2d 1269, 1273 (10th Cir.1988). After the movant has made a properly supported summary judgment motion, "the nonmovant [has] the burden of setting forth specific facts showing the exis-tence of a genuine issue of fact for trial." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). The nonmovant may not rely on the allegations or denials in its pleadings to establish a genuine issue of fact, but must come forward with an affirmative showing of evidence. *Anderson,* 477 U.S. at 250, 106 S.Ct. 2505. Accordingly, summary judgment must be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex,* 477 U.S. at 322, 106 S.Ct. 2548; *Richmond v. Board of Regents of University of Minnesota,* 957 F.2d 595, 597 (8th Cir.1992).

obligation owed to this creditor in this bankruptcy is a result of the note signed on October 16, 1996, not any other note. Second, the statute under which debtor obtained her consolidated loan provides that the loans may be consolidated pursuant to the regulations promulgated by the Secretary of Education. The regulations contemplate that a borrower may consolidate *one or more* education loans into one or more Direct Consolidation Loans. 34 C.F.R. § 685.215. Thus, it is not necessary for a debtor to hold more than one note to consolidate or otherwise refinance educational loans. Finally, the fact that a single note was consolidated into a second, single note, has no impact upon the policies and rationale, as articulated in *Hiatt v. Indiana State Student Assistance Comm'n*, 36 F.3d 21 (7th Cir.1994), cert. denied, 513 U.S. 1154, 115 S.Ct. 1109, 130 L.Ed.2d 1074 (1995); *Cobb v. United Student Aid Funds, Inc. (In re Cobb)*, 196 B.R. 34 (Bankr.E.D.Va.1996), for requiring that the dischargeability period run from the date of the consolidated loan. The Court will follow the uniform and well-settled authority [3] interpreting the statute as well as the policies underlying the interpretation.

The uncontroverted facts are that, on October 16, 1996, the debtor Linda Stricklen signed a note for the debt that is at issue in this bankruptcy case. The first payment under that note was first due on March 14, 1997, a date less than seven years from the date of the commencement of the bankruptcy case. Accordingly, the loan is not dischargeable pursuant to 11 U.S.C. § 523(a)(8)(A).

**ORDERED** that the defendant's Motion for Summary Judgment, filed on June 26, 1998, is granted.

**IT IS SO ORDERED.**

---

**3.** Although there existed early case authority determining that dischargeability is determined from the date the original note was due rather than the consolidated note, those cases have been either reversed, *see In re McKinney*, No. 1:90CV1946, 1992 WL 265992 (N.D.Ohio May 12, 1992) (reversing 120 B.R. 416 (Bankr. N.D.Ohio 1990)), or rejected by later authority in the same district, *see In re Cobb*, 196 B.R. 34 (Bankr.E.D.Va.1996) (rejecting *In re Brown*, 4 B.R. 745 (Bankr.E.D.Va.1980)).