**In re Denise M. HULL f/k/a Denise M. Messina, Debtors.**

**Denise M. HULL f/k/a Denise M. Messina, Plaintiffs,**

v.

**FLEET BANK f/k/a Norstar Bank, N.A., c/o AFSA Data Corporation and New York State Higher Education Services Corporation, Defendants.**

Bankruptcy No. 97–24821.
Adversary No. 98–2050.

United States Bankruptcy Court, W.D. New York.

Aug. 31, 1998.

Michael H. Arnold, Place & Arnold, Fairport, NY, for Plaintiff.

John G. McGrath, NYSHESC, Albany, NY, for Defendants.

### DECISION & ORDER

JOHN C. NINFO, II, Bankruptcy Judge.

### BACKGROUND

On December 23, 1997, Denise M. Hull (the "Debtor") filed a petition initiating a

Chapter 7 case. On her schedules, required by Section 521 and Rule 1007, the Debtor listed AFSA–Fleet ("Fleet") as an unsecured creditor for student loans that were refinanced in December 1990 (the "Consolidation Loan"). The outstanding balance on the Consolidation Loan was scheduled as $23,111.33.

On March 25, 1998, the Debtor commenced an adversary proceeding (the "Dischargeability Proceeding").[1] The Complaint in the Dischargeability Proceeding requested that the Court determine that the Consolidation Loan was dischargeable under Section 523(a)(8)(A)[2] because: (1) the student loans that were refinanced were incurred by the Debtor between January 30, 1987 and January 9, 1990 (the "Original Loans"), which was more than seven years before the date of the filing of the petition; (2) there were no deferments granted or forbearance agreements entered into in connection with the Original Loans; and (3) there were no new loans made as part of the Consolidation Loan transaction, and the Consolidation Loan merely consolidated the Original Loans.

On May 18, 1998, the New York State Higher Education Services Corporation ("New York Higher Education") filed an Answer to the Complaint which alleged that: (1) New York Higher Education was a guarantor of the Consolidation Loan; (2) the Original Loans were disbursed to the Debtor between May 1983 and December 1989; (3) the Original Loans were consolidated in January 1991, and again in March 1995; and (4) both the Consolidation Loan and the March 1995 consolidation loan were new student loans that first became due less than seven years before the date the Debtor filed her petition.

The Answer of New York Higher Education also included a First Affirmative Defense On The Basis Of Sovereign Immunity, which alleged that: "The Court lacks subject matter jurisdiction in this proceeding, as New York State Higher Education Services Corporation (N.Y.SHESC) is an agency of the State of New York and is immune from suit in Federal Court by a citizen of the same state, pursuant to the Eleventh amendment to the United States Constitution."

On June 30, 1998, the Court conducted a telephonic pretrial conference at which the attorney for New York Higher Education requested that, since there were no published decisions on these issues within the Second Circuit, the Court issue and publish a Decision & Order on the dischargeability under Section 523(a)(8)(A) of a consolidation student loan and the sovereign immunity affirmative defense which New York Higher Education asserted.

On July 29, 1998, New York Higher Education filed a Brief opposing the dischargeability of the Debtor's student loans which alleged that: (1) the Debtor received some of the Original Loans during 1982 and 1983, and these first became due on November 30, 1984; (2) the Debtor received the remaining Original Loans between 1986 and 1989, and these first became due on November 30, 1990; (3) no deferments were requested by or granted to the Debtor, and no forbearance agreements had been entered into between the Debtor and Fleet in connection with the Original Loans; (4) On November 19, 1990, less than seven years after any of the Original Loans first became due, the Debtor signed the agreements for the Consolidation Loan, however, the proceeds of the Consolidation Loan were not applied to pay off the Original Loans until January 15, 1991, more than seven years after some of the Original Loans first became due on November 30, 1984; (5) the first payment due under the

---

1. The actual defendant in the Proceeding was Fleet Bank, f/k/a Norstar Bank, N.A., c/o AFSA Data Corporation.

2. Section 523(a)(8)(A) provides that:
(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—
(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or non-profit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—
(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition[.]
11 U.S.C. § 523(a)(8)(A) (1998).

Consolidation Loan was February 28, 1991, less than seven years before the Debtor filed her petition; (6) under the Higher Education Act of 1965, a consolidation loan is specifically provided to be a "new loan" for purposes of the Act, and, therefore, for purposes of Section 523(a)(8)(A); and (7) the Court lacked subject matter jurisdiction under the rationale of *Seminole Tribe of Florida v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996).

On August 11, 1998, the Debtor interposed a response to the Brief of New York Higher Education which asserted that: (1) the Court should determine that the seven-year period provided for under Section 523(a)(8)(A) runs from November 30, 1984 and November 30, 1990, the dates when the Original Loans first became due; (2) the facts of this case would make such a determination especially appropriate because there was no new lender involved, Fleet was the original and Consolidation Loan lender, and the Consolidation Loan was entered into for the administrative convenience of the parties by providing for one instead of a number of monthly payments; (3) the legislative history to Section 523(a)(8), which indicates that the subsection was intended to stop students from filing bankruptcy shortly after their studies terminated and before they obtained gainful employment and acquired significant assets, does not indicate that Congress intended a consolidation loan to restart the seven-year period, since this could extend the seven-year period for an unlimited time period and be a disincentive for borrowers to enter into consolidation loan agreements; (4) notwithstanding that 20 U.S.C. Section 1078–3(e) of the Higher Education Act of 1965 indicates that "[consolidation [l]oans made under this section which are insured by the Secretary shall be considered to be new loans made to students for the purpose of section 424(a) [20 U.S.C. Section 1074(a) ]]", the Court should hold that a new loan for purposes of that statute is, nevertheless, not a "new loan" for purposes of Section 523(a)(8)(A) of the Bankruptcy Code; (5) New York Higher Education's affirmative defense on the basis of sovereign immunity must fail since by letter dated April 21, 1998, New York Higher Education specifically requested that it be permitted to appear in the Dischargeability Proceeding and requested a stipulation to that effect; and (6) the stipulation which the attorney for the Debtor prepared and forwarded to New York Higher Education (the "Intervention Stipulation") provided that New York Higher Education "shall be entitled to appear, intervene and join in the proceeding as a party defendant and be bound by the jurisdiction of the United States Bankruptcy Court for the Western District of New York in this proceeding."

## DISCUSSION

### I. *Dischargeability of the Consolidation Loan*

█ This Court has previously decided the question of the dischargeability of consolidation loans under the Higher Education Act of 1965 in an unreported decision in *In re Brown,* issued on June 20, 1996 (Case # 95–22567; Adversary Proceeding # 96–2007). In that decision, the Court acknowledged that, although there was some disagreement among the courts, the decision of Circuit Judge Thomas J. Meskill, sitting by designation on the Seventh Circuit Court of Appeals, in *Hiatt v. Indiana State Student Assistance Commission,* 36 F.3d 21 (7th Cir.1994), *cert. denied,* —— U.S. ——, 115 S.Ct. 1109, 130 L.Ed.2d 1074 (1995) (*"Hiatt"*), which had thoroughly addressed all of the relevant statutes, case law and arguments, and held that such consolidation loans restarted the nondischargeability period for purposes of Section 523(a)(8)(A), was the more persuasive authority.

In this Dischargeability Proceeding, the Debtor makes much of the facts that in her case: (1) there was no new lender involved in the Consolidation Loan; (2) the Consolidation Loan was primarily for administrative convenience; and (3) the proceeds of the Consolidation Loan were not applied to payoff the Original Loans until some of those Loans had been due for more than seven years.

In *Hiatt,* the original and consolidation loan lender were the same, and there is no specific requirement in the Higher Education Act of 1965 that there be a new lender for

consolidation loans to be considered to be new loans.

As for the Debtor's assertion that the Consolidation Loan which she voluntarily applied for was entered into simply for the administrative convenience of both of the parties, that is not true. As part of the refinancing evidenced by the Consolidation Loan, one of the Original Loans became payable with interest at the rate of 9% rather than 12% per annum, and all of the Loans became payable over a longer term with a corresponding lower monthly payment.

In addition, I do not believe that it is in any way material to the analysis set forth in *Hiatt*, or the policies underlying the Higher Education Act of 1965 or Section 523(a)(8)(A) of the Bankruptcy Code, that: (1) any or all of the Original Loans were due for more than seven years when the refinancing evidenced by the Consolidation Loan was entered into; or (2) Congress extended the nondischargeability period in Section 523(a)(8)(A) from five years to seven years for cases filed after November 29, 1990.

Furthermore, the Debtor's argument that a finding that a consolidation loan restarts the nondischargeability period provided for under Section 523(a)(8)(A) would act as a disincentive for student loan borrowers to enter into them is without merit. As it did for the Debtor, consolidation loans often provide more favorable interest rates and more affordable payment terms for a borrower. These additional benefits can be very important to a borrower who is committed to repaying their student loans which provided them with a significant original benefit, the ability to obtain a more affordable higher education. Contrary to the Debtor's argument, a finding that a consolidation loan does not restart the nondischargeability period would inappropriately focus student loan borrowers on the possibility of discharging their loans rather than on the importance of repaying them. This might result in some student loan borrowers foregoing the important additional benefits of a consolidation loan in order to "hedge their bets" in the event that at a later time they may wish to discharge their student loan obligations but cannot qualify for a hardship discharge un-

der Section 523(a)(8)(B). That tension, which might result in a student loan borrower rejecting the benefits of a consolidation loan that could make it easier for them to repay their student loans, could not be what Congress intended when it enacted the Higher Education Act of 1965 and the provisions of Section 523(a)(8), as amended.

## II. *Affirmative Defense of Sovereign Immunity*

It is not clear whether the Intervention Stipulation was ever fully executed by the parties or even by New York Higher Education. However, it is clear to this Court that the basis upon which the Debtor's attorney consented to the intervention of New York Higher Education and the Court accepted the Answer interposed by it, was that New York Higher Education had agreed to "be bound by the jurisdiction of the United State Bankruptcy Court for the Western District of New York in this proceeding." Therefore, New York Higher Education cannot assert an affirmative defense of sovereign immunity in this Section 523(a)(8) Dischargeability Proceeding where it has affirmatively consented to the Court's jurisdiction.

### *CONCLUSION*

The student loan of the Debtor, evidenced by the Consolidation Loan, is determined to be nondischargeable under Section 523(a)(8)(A).

**IT IS SO ORDERED.**