**In re Colleen A. WHITE, Debtor.**

**Colleen A. White, Plaintiff,**

v.

**Educational Credit Management Corporation, Defendant.**

**Bankruptcy No. 98–8528–3P7. Adversary No. 98–252.**

United States Bankruptcy Court, M.D. Florida, Jacksonville Division.

Jan. 20, 1999.

David E. Otero, Jacksonville, FL, for plaintiff.

Raye Curry, Jacksonville, FL, for defendant.

### ORDER GRANTING SUMMARY JUDGMENT FOR DEFENDANT AND DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

GEORGE L. PROCTOR, Bankruptcy Judge.

This proceeding is before the Court upon cross Motions for Summary Judgment filed by Plaintiff, Colleen White and Defendant, Educational Credit Management Corporation. Upon the argument of Facts and Law, the Court finds as follows:

### FINDINGS OF FACT

1. Plaintiff and Defendant stipulated to the facts in a Joint Stipulation of Undisputed Facts as follows.

2. Debtor/Plaintiff, Colleen A. White ("White") filed an Amended Complaint to Determine the Dischargeability of a Debt

---

1. All references to the "Stipulation" herein refer to the "Joint Stipulation of Undisputed Facts"

pursuant to 11 U.S.C. § 523(a)(8)(A) (the "Complaint"). (Stipulation [1] at ¶ 1).

3. Defendant, Educational Credit Management Corporation ("ECMC") is the current owner and holder of the promissory note evidencing the Consolidated Loan as defined below. (Stipulation at ¶ 2).

4. On October 7, 1998, White filed a voluntary petition for relief under Chapter 7 of the bankruptcy code, thus initiating this bankruptcy case. (Stipulation at ¶ 3).

5. From 1983 through January, 1987, White received student loans from Creighton University ("Creighton") and Strategic Air Command Federal Credit Union ("SAC") (the "Original Loans."). (Stipulation at ¶ 4).

6. White received a Loan Repayment Schedule showing that the first payment on the Original Loans was due on January 5, 1988. (Stipulation at ¶ 5).

7. On July 16, 1990, White made application through the Higher Education Assistance Foundation, pursuant to the Higher Education Act of 1965, as amended, 20 U.S.C. § 1078–3, to consolidate the Original Loans with SAC as the consolidating lender. (the "Consolidated Loans"). White's application to consolidate her loans was approved and granted. (Stipulation at ¶ 6).

8. On October 23, 1990, White received a Loan Consolidation Disclosure Statement and Repayment Schedule for the Consolidated Loans which reflected that the first payment under the Consolidated Loans was due on December 5, 1990. (Stipulation at ¶ 7).

9. From October 1, 1992 to July 5, 1994, White applied for and was granted seven deferments of her payments on her student loans for a total of 20 months during which no payment was due or received from White. (Stipulation at ¶ 8).

10. On July 10, 1998, SAC assigned the Consolidated Loan to Great Lakes Higher Education Corporation ("Great Lakes"). (Stipulation at ¶ 10).

filed with the Court.

11. On November 9, 1998, the Consolidated Loan was assigned by Great Lakes to ECMC. (Stipulation at ¶ 11).

### CONCLUSIONS OF LAW

12. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Rule 56(c), Federal Rules of Civil Procedure, made applicable by Rule 7056, Federal Rules of Bankruptcy Procedure.

■ 13. The proceeding at bar presents questions purely of law. The issue before the Court is whether the Plaintiff's educational loans are dischargeable pursuant to 11 U.S.C. § 523(a)(8). The Court must make this determination by ruling on the issue of when the seven year period prescribed in § 523(a)(8) begins to run under the law; therefore, this proceeding is ripe for summary judgment.

■ 14. Section 523(a)(8) provides:

(a) A discharge under section 727 ... does not discharge any individual debtor from any debt—

\* \* \*

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for any obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; [2]

---

**2.** Section 523(a)(8) was amended on October 7, 1998 to eliminate the 7 year period of nondischargeability for educational loans. Section 523(a)(8) now provides that all educational loans

Payments under Plaintiff's Original Loans first became due on January 5, 1988. Payment under Plaintiff's Consolidated Loan first became due on December 5, 1990.

15. The issue before the Court is whether the seven year period under § 523(a)(8) began to run on January 5, 1988, the date the Original Loans first became due, or December 5, 1990, the date the Consolidated Loan first became due. Courts faced with this identical issue have almost uniformly determined that a consolidation of educational loans creates a new loan for purposes of § 523(a)(8) and therefore, the seven year period begins to run from the date the consolidated loan first becomes due, rather than the Original loan.

16. This is a case of first impression for this Court and there is no binding precedent on this issue from the Eleventh Circuit. However, two other courts in the Middle District of Florida have addressed this issue and followed the majority opinions. In *In re Black (Black v. Great Lakes Higher Education Corp.)*, 221 B.R. 887 (Bankr.M.D.Fla. 1997) (Jennemann, J.), a Chapter 7 debtor brought an adversary proceeding seeking a determination that her student loan debt was dischargeable, alleging that the loans first became due more than seven years prior to her petition filing date. The debtor's original student loans first became due more than seven years before the date she filed her bankruptcy petition. However, the debtor had consolidated her loans with the defendant, the Great Lakes Higher Education Corporation. Payment under the debtor's consolidated loan first became due less than seven years prior to the petition filing date.

17. Judge Jennemann pointed out that when older educational loans are consolidated, a new loan is created because the old loans are paid in full by the new lender, and the old loans are no longer in existence. *Black*, 221 B.R. at 888. The court also noted that

the debtor would not have entered into a consolidation loan unless he or she re-

---

are not dischargeable in bankruptcy, unless the debtor can prove that repayment of the loan would cause undue hardship to the debtor and his dependents.

ceived some type of benefit such as an extended repayment period or lower interest rate. A debtor is not forced to receive these benefits but voluntarily chooses to consolidate his or her obligations. However, the debtor then cannot reject the burdens arising from the decision, one of which is that the consolidated loan starts a new seven-year period ticking under § 523(a)(8). *Black,* 221 B.R. at 888.

The court held that the debtor's student loans were not dischargeable, since the consolidated loan first became due less than seven years prior to the debtor's petition filing date.

18. In *In re Menendez,* 151 B.R. 972 (Bankr.M.D.Fla.1993) (Paskay, C.J.), the debtor filed a motion for violation of the discharge injunction, alleging that her student loan lender had violated her bankruptcy discharge by attempting to collect the debtor's student loans. The lender argued that the loans had not been discharged in the debtor's bankruptcy case because they first became due less than seven years prior to the petition filing date. Again, in an identical factual scenario, the debtor's original student loans had first become due more than seven years before he filed his bankruptcy case, but he had consolidated his student loans and payment under the consolidated loan first became due less than seven years before the petition filing date.

19. Judge Paskay began his analysis by examining the Higher Education Act, 20 U.S.C. § 1078–3 which provides in part that loans made under the Act and which are insured by the Department of Education shall be considered new loans made to students. *Menendez,* 151 B.R. at 973. The court then considered the language of § 523, noting that in interpreting statutory language, courts should follow the rule of plain language as it reads, unless it is unclear and ambiguous, citing *United States v. Ron Pair Enterprises, Inc.,* 489 U.S. 235, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Section 523(a)(8)(A) states that the discharge does not discharge a student loans unless "such loan" became due more than seven years before the date of filing the petition.

The plain reading of this part of the statute leaves no doubt that the words used "such loan" must refer to the loan which is sought to be discharged, which in the present instance is represented by the consolidation note ... and not by the original notes executed by the Debtors when they obtained their original student loans. *Menendez* at 974.

Similarly, "such loan" the instant Plaintiff is seeking to discharge is the Consolidated Loan, not the Original Loans. In this case, the Plaintiff executed a wholly new promissory note. A new debt was created by the loan consolidation which is not dischargeable.

20. The courts that have addressed this issue have almost uniformly held that a consolidation of student loans creates a new debt for purposes of § 523(a)(8) and that the seven year period must be measured from the date the consolidated loan first became due, without regard to the original loans. In fact, in a very recent case, *In re Mattingly (Mattingly v. New Jersey Higher Educ. Assistance Auth.),* 226 B.R. 583, 584 (Bankr. W.D.Ky.1998) the court stated,

This Court, having fully reviewed the briefs of the parties and the case law cited therein, as well as having conducted its own extensive research on this issue, finds that the case law uniformly holds that the seven year period governing dischargeability under § 523(a)(8) begins to run upon the date the consolidated loan first became due. *Id.* at 584.

*See also, In re Hull (Hull v. Fleet Bank),* 223 B.R. 876 (Bankr.W.D.N.Y.1998) (consolidation loan served to restart the seven year period during which debtor could not obtain discharge of student loans in bankruptcy); *In re Graddy (Graddy v. U.S.),* 1998 WL 661457 (W.D.Tenn. Sept. 24, 1998) (holding that consolidation creates a new loan and the original loans are no longer in existence and that the debtor's student loans first became due when consolidated loan became due); *In re Stricklen (Stricklen v. W.D. Ford Direct Consolidation),* 224 B.R. 905 (Bankr. E.D.Ark.1998) (consolidation note, rather than original note, controls determination of whether debt first became due more than seven years prepetition); *In re Meeker*

*(Meeker v. Educational Credit Management Corp.)*, 225 B.R. 910 (Bankr.N.D.Ohio 1998) (consolidation of student loans restarted seven-year time period when debtor could obtain discharge of the loans); *In re Cobb (Cobb v. United Student Aid Funds, Inc.)*, 196 B.R. 34 (Bankr.E.D.Va.1996) (if student loan is consolidated, seven-year period used to determine dischargeability of loan begins to run at time of new loan); *In re Hesselgrave (Hesselgrave v. Pennsylvania Higher Education Assistance Agency)*, 177 B.R. 681 (Bankr.D.Or.1995) (seven-year nondischargeability period for student loans began to run from date that new consolidation loan was first due, rather than from due date of original loans); *Hiatt v. Indiana State Student Assistance Comm'n*, 36 F.3d 21 (7th Cir. 1994) (nondischargeability period for student loan debt commenced on date on which debt consolidation loan first became due, rather than on dates on which original loans first became due); *In re Roberts (Roberts v. Great Lakes Higher Educ. Corp.)*, 1993 WL 192816 (D.Kan.1993) (date debtor's consolidated loan first became due is the date for determining dischargeability under § 523(a)(8)(A)); *United States v. McGrath*, 143 B.R. 820 (D.Md. 1992) (student loan first became due on date first payments became due under consolidated loan, rather than original loans); *In re Martin (Martin v. Great Lakes Higher Educ. Corp.)*, 137 B.R. 770 (Bankr.W.D.Mo. 1992) (consolidated loan due date is controlling for purposes of § 523(a)(8)); *In re McKinney (Pennsylvania Higher Educ. Assistance Agency v. McKinney)*, 1992 WL 265992 (N.D.Ohio 1992) (overruling bankruptcy court which had held that when original loan first became due determined dischargeability and instead finding that when consolidated loan first became due determined dischargeability of the loans).

21. As evidenced by the cases cited above, the great weight of authority holds that the consolidation of student loans extinguishes the original loans, and therefore the date the consolidated loan first became due begins the seven-year period under § 523(a)(8). The Court will ally itself with the majority of courts who have addressed this issue, including the two courts from the Middle District of Florida and hold that Plaintiff's Consolidated Loan created a new note and a new obligation, extinguishing the Original Loans. Plaintiff's Consolidated Loan first became due on December 5, 1990. Therefore, the Court must measure the seven-year period from December 5, 1990.

22. At the hearing held on the cross Motions for Summary Judgment, the parties stipulated that Plaintiff's 20 month of deferments in her payments on the Consolidated Loan act to toll the seven year period under § 523(a)(8)(A). It is well settled, and indeed the plain language of the statute even states that deferments and forbearances are "applicable suspensions of the repayment period" as defined in § 523(a)(8)(A). With the exclusion of the 20 months of suspended payments, Plaintiff's educational loans owned and held by Defendant, first became due less than seven years prior to the date Plaintiff filed her bankruptcy petition.

**IT IS ORDERED:**

1. Defendant, Educational Credit Management Corporation's Motion for Summary Judgment is GRANTED.

2. Plaintiff, Colleen A. White's Motion for Summary Judgment is DENIED.

3. Judgment is entered for Defendant, Educational Credit Management Corporation.

4. Plaintiff, Colleen A. White's educational loan owned and held by Defendant, Educational Credit Management Corporation, is not dischargeable.

**DONE AND ORDERED.**