Richard Michael SHEER,

v.

EDUCATIONAL CREDIT
MANAGEMENT CORPORATION.

In re Richard Michael Sheer.

No. CIV. A. DKC 99–2080.

United States District Court,
D. Maryland.

Dec. 15, 1999.

Roger Schlossberg, Hagerstown, MD, for appellant.

Rand L. Gelber, Rockville, MD, for appellee.

*MEMORANDUM OPINION*

CHASANOW, District Judge.

This is an appeal from an Order of the bankruptcy court overruling a chapter 13 debtor's objection to a proof of claim. Debtor argued below that his consolidation loan, the proceeds of which were used to refinance a series of educational loans, was discharged in a prior Chapter 7 proceeding. The bankruptcy court held that the consolidation loan was an "educational loan" within the meaning of § 523(a)(8) of the Bankruptcy Code and therefore was excepted from the Order of Discharge entered in the Chapter 7 case. For the reasons set forth below, the court shall AFFIRM the Order of the bankruptcy court.[1]

## I. *Background*

To finance the college education of his children, Debtor, Richard Sheer, obtained several loans under the Parental Loans for Undergraduate Students (PLUS) program. Eight separate loans were extended to Debtor between July 1989 and March 1994. All of the loans were held/serviced by Sallie Mae Servicing Corporation. In December 1996, Debtor executed an Application/Promissory Note through Sallie Mae to consolidate and refinance the original loans. The application was approved, and on or about February 20, 1997, Sallie Mae disbursed the proceeds of the new consolidation loan to pay off the original loans. The principal amount of the consolidation loan was $95,047.50, and was to be paid back by Debtor over thirty years.

On December 8, 1997, Debtor and his wife filed a Voluntary Petition for Relief under Chapter 7 of the Bankruptcy Code. An Order of Discharge was entered on March 20, 1998. No adversary proceeding was initiated in the course of the Chapter 7 case to determine the dischargeability of the consolidation loan. Sallie Mae took

1. Oral argument is deemed unnecessary because the facts and legal arguments are adequately presented in the briefs and record, and the decisional process would not be significantly aided by oral argument. *See* Bankr.Rule 8012.

the position that Debtor's obligation to repay the consolidation loan was unaffected by the Order of Discharge because it was an "educational loan" excepted from discharge by § 523(a)(8) of the Code. Debtor, on the other hand, believed the consolidation loan debt was included in the Order of Discharge.

In order to obtain a stay of action by Sallie Mae to collect on the debt, Debtor filed a Voluntary Petition under Chapter 13 of the Code on October 6, 1998, less than six months after the Order of Discharge was entered in the Chapter 7 case. Sallie Mae filed a proof of claim in the Chapter 13 proceedings on December 14, 1998. The consolidated loan was subsequently assigned by Sallie Mae to Appellee, Educational Credit Management Corporation ("ECMC"), and ECMC filed its proof of claim in the Chapter 13 case on January 28, 1999.[2] Debtor filed an objection to ECMC's proof of claim. At the hearing on Debtor's objection to the proof of claim, the bankruptcy judge ruled that the consolidation loan was an educational loan excepted from the Order of Discharge entered in the Chapter 7 case by § 523(a)(8) of the Code. Accordingly, the bankruptcy judge entered an Order overruling Debtor's objection to ECMC's proof of claim. This appeal followed.

## II. Standard of Review

■■■ The findings of fact by the bankruptcy judge may only be set aside if they are clearly erroneous. Bankr.Rule 8013. A finding of fact is clearly erroneous "only when the reviewing court 'is left with the definite and firm conviction that a mistake has been committed.'" In re Broyles, 55 F.3d 980, 983 (4th Cir.1995) (quoting United States v. United States Gypsum Co., 333 U.S. 364, 395, 68 S.Ct. 525, 92 L.Ed. 746 (1948)). Thus, this court will not re-

verse the bankruptcy court's findings of fact "simply because it is convinced that it would have decided the case differently." Id. (quoting Anderson v. Bessemer City, 470 U.S. 564, 573, 105 S.Ct. 1504, 84 L.Ed.2d 518 (1985)). By contrast, the bankruptcy court's conclusions of law are reviewed de novo. See In re Bulldog Trucking, Inc., 147 F.3d 347, 351 (4th Cir. 1998); In re Three Flint Hill Ltd. Partnership, 213 B.R. 292, 297 (D.Md.1997).

## III. Analysis

Section 523(a)(8) of the Bankruptcy Code provides:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

. . . .

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(A) such loan, benefit, scholarship or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents.[3]

Debtor argues the bankruptcy court erred in ruling that his consolidation loan was excepted from discharge by § 523(a)(8) because 1) the consolidation loan is not an "educational loan" within the meaning of § 523(a)(8); and 2) ECMC did not adduce

---

**2.** The parties agree that the Sallie Mae claim and ECMC claim are, for purposes of this appeal, one and the same.

**3.** A 1998 amendment to the Bankruptcy Act repealed subsection (A) of § 523(a)(8), mak-

ing educational loans dischargeable only when the debtor can show undue hardship. The amendment applies only to cases filed after October 7, 1998.

sufficient evidence for the court to conclude that the consolidation loan was "made, insured or guaranteed by a governmental unit."

### A. Is the Consolidation Loan an Educational Loan Under § 523(a)(8)?

The clear weight of authority holds that consolidation loans made under Section 428C of the Higher Education Act of 1965, 20 U.S.C. § 1078-3,[4] are educational loans for purposes of the § 523(a)(8) exception to discharge. *United Student Aid Funds, Inc. v. Flint (In re Flint)*, 238 B.R. 676, 681 (E.D.Mich.1999), *rev'g* 231 B.R. 611 (Bankr.E.D.Mich.1999); *Shaffer v. United Student Aid Funds, Inc. (In re Shaffer)*, 237 B.R. 617, 621 (Bankr.N.D.Tex.1999); *Cobb v. United Student Aid Funds, Inc. (In re Cobb)*, 196 B.R. 34, 38 (Bankr. E.D.Va.1996); *Martin v. Great Lakes Higher Educ. Corp. (In re Martin)*, 137 B.R. 770, 772 (Bankr.W.D.Mo.1992); *see Santa Fe Med. Servs., Inc. v. Segal (In re Segal)*, 57 F.3d 342, 349 n. 8 (3d Cir.1995) (noting that courts "routinely" view consolidation loans as educational loans within the meaning of § 523(a)(8)); *see also Hiatt v. Indiana State Student Assistance Comm'n*, 36 F.3d 21, 25 (7th Cir.1994) (recognizing that consolidation loans are educational loans within the meaning of § 523(a)(8) by holding that seven year period of nondischargeability runs from the date the consolidation loan first becomes due, rather than from due date of original loans); *Rudnicki v. Southern College of Optometry (In re Rudnicki)*, 228 B.R. 179, 179-80 (6th Cir. BAP 1999) (same); *United States v. McGrath*, 143 B.R. 820, 824 (D.Md.1992) (same), *aff'd*, 8 F.3d 821 (4th Cir.1993)(unpublished table decision); *White v. Educational Credit Mgmt. Corp. (In re White)*, 229 B.R. 34, 38 (Bankr. M.D.Fla.1999) (same); *Mattingly v. New Jersey Higher Educ. Assistance Auth. (In re Mattingly)*, 226 B.R. 583, 585 (Bankr. W.D.Ky.1998) (same); *Stricklen v. W.D. Ford Direct Consolidation (In re Stricklen)*, 224 B.R. 905, 906 (Bankr.E.D.Ark. 1998) (same); *Meeker v. Educational Credit Mgmt. Corp. (In re Meeker)*, 225 B.R. 910, 912 (Bankr.N.D.Ohio 1998) (same). Only one reported case has held to the contrary. *Flint v. United Student Aid Funds, Inc. (In re Flint)*, 231 B.R. 611 (Bankr.E.D.Mich.) (*Flint I*), *rev'd*, 238 B.R. 676, 681 (E.D.Mich.1999) (*Flint II*). Drawing from the reasoning in *Flint I*, which was rejected by the district court on appeal, Debtor argues that his consolidation loan is not an educational loan because the purpose of the loan was to obtain new terms on existing loans, not to obtain an education. *See Andrews Univ. v. Merchant (In re Merchant)*, 958 F.2d 738, 741 n. 2 (6th Cir.1992) ("[T]he 'central issue in determining dischargeability is whether the funds were for educational purposes ....'" (quoting *In re Shipman*, 33 B.R. 80 (Bankr.W.D.Mo.1983))).

■ Congress enacted § 523(a)(8) to curb perceived abuses of the Bankruptcy Code's "fresh start" policy by students who filed for bankruptcy and obtained a discharge of their educational loans soon after graduation before making any significant attempts at repayment. *Nunn v. Washington (In re Nunn)*, 788 F.2d 617, 619 (9th Cir.1986); *see* H.R. Rep. No. 95–595, at 132–34 (1978), *reprinted in* 1978 U.S.C.C.A.N. 5963, 6093–95. By curtailing such abuses, the financial integrity of the educational loan program was preserved. *See Flint II*, 238 B.R. at 679–80 (citing *Segal*, 57 F.3d at 348–49; *In re McFadyen*, 192 B.R. 328, 331 (Bankr.N.D.N.Y. 1995); *Cobb*, 196 B.R. at 37). As originally enacted, the statute provided for the discharge of educational debt only if: 1) the

---

4. The Application/Promissory Note for the consolidation loan signed by Debtor contains the following representation by Debtor to Sallie Mae:

To Sallie Mae: "By means of this application, I am applying to have my loans consolidated into a SMART LOAN Account at Sallie Mae, as allowed under Section 428C of the Higher Education Act of 1965, as amended...."

bankruptcy petition was filed at least five years after the loans first became due, or 2) excepting the debt from discharge would create an undue hardship on the debtor and the debtor's dependents. Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, § 523(a)(8), 1978 U.S.C.C.A.N. (92 Stat.) 2549, 2591. The strong public policy in favor of the repayment of student loans is evidenced by Congress' extending the five-year period of nondischargeability to seven years in 1990, see Pub.L. No. 101–647, § 3621, 1990 U.S.C.C.A.N. (104 Stat.) 4964–65, and then, in 1998, eliminating passage of time as a basis for discharging educational loans, see Higher Education Amendments of 1998, Pub.L. No. 105–244, § 971(a), 1998 U.S.C.C.A.N. (112 Stat.) 1581, 1837. Today, educational loans will be discharged in bankruptcy only if the debtor can make a showing of undue hardship. 11 U.S.C. § 523(a)(8).

■ The Higher Education Act was amended in 1986 to permit students to consolidate loans made, insured or guaranteed by the federal government. Pub.L. No. 99–272, § 16017, 1986 U.S.C.C.A.N. (100 Stat.) 343. Congress adopted the consolidation provisions in an effort to reduce defaults by making repayment terms sensitive to the borrower's financial situation. See H.R. Rep. No. 99–383, at 43 (1985), reprinted in 1986 U.S.C.C.A.N. 2572, 2614. It was not Congress' intent to create a means by which students, or parents who borrowed to finance their children's education, could avoid their loan repayment obligation. Interpreting the term "educational loan" to exclude consolidation loans under § 428C would have that precise effect, however, permitting borrowers to avoid repayment of student loans by consolidating their loans and then filing bankruptcy. It is clear that Congress did not intend such a result, and therefore must have intended that consolidation loans authorized by § 428C of the Higher Education Act be considered "educational loans" within the meaning of § 523(a)(8) of the Code. That Congress did

not insert a provision into the Bankruptcy Code explicitly stating that consolidation loans are educational loans within the meaning of § 523(a)(8) does not persuade the court that Congress intended otherwise.

■ Debtor's argument that the consolidation loan was not for educational purposes, and thus not an educational loan, because the loan did not directly pay for schooling is unpersuasive, and cannot overcome the strong evidence of Congress' intention that such loans be considered educational loans. The court, therefore, joins the overwhelming majority of courts that have addressed the issue and holds that a consolidation loan made under § 428C of the Higher Education Act is an "educational loan" within the meaning of § 523(a)(8) of the Bankruptcy Code.

B. *Sufficiency of Evidence*

■ Debtor next argues there was insufficient evidence for the bankruptcy judge to find that the consolidation loan was "made, insured or guaranteed by a governmental unit." See 11 U.S.C. § 523(a)(8). It was ECMC's burden to prove this by a preponderance of the evidence. See A.L. Lee Mem'l Hosp. v. McFadyen (In re McFadyen), 192 B.R. 328, 331 (Bankr.N.D.N.Y.1995). The court believes this burden was met with evidence that the consolidation loan was made under § 428C of the Higher Education Act. The enactment of § 428C of the HEA, 20 U.S.C. § 1078–3, established the Federal Consolidation Loan Program ("FCLP"). Loans made under the FCLP are guaranteed by the Secretary of the Department of Education. 34 C.F.R. § 682.100(b)(2)(i) ("The Secretary guarantees lenders against losses ... [w]ithin the Consolidation Loan Program, on loans made under the Federal Consolidation Loan Program."). Thus, if ECMC could establish by a preponderance of the evidence that Debtor's consolidation loan was an FCLP loan, it would at the same time establish that the consolidation loan was "made, in-

sured or guaranteed by a governmental unit."

■ The Application/Promissory Note ("Note") for the consolidation loan submitted by Debtor to Sallie Mae contained the following statement:

To Sallie Mae: "By means of this application, I am applying to have my loans consolidated into a SMART LOAN Account at Sallie Mae, as allowed under Section 428C of the Higher Education Act of 1965, as amended . . . . "

The Note was admitted into evidence at the hearing on Debtor's objection to ECMC's proof of claim. Based on this document, the testimony of an ECMC representative that the consolidation loan was insured/guaranteed by the Department of Education, and Debtor's failure to offer any contradictory evidence, the bankruptcy court concluded that, more likely than not, the consolidation loan was made under the FCLP and thus was "made, insured or guaranteed by a governmental unit." This court finds the evidence was sufficient to permit such a conclusion.

## IV. *Conclusion*

For the foregoing reasons, the court shall AFFIRM the Order of the bankruptcy court.