**In re William Sherman HESSELGRAVE, Debtor.**

**William Sherman HESSELGRAVE, Plaintiff,**

**v.**

**PENNSYLVANIA HIGHER EDUCATION ASSISTANCE AGENCY, Defendant.**

**Bankruptcy No. 693–63977–aer7. Adv. No. 94–6006–aer.**

United States Bankruptcy Court, D. Oregon.

Jan. 13, 1995.

Drew L. Johnson, Johnson, Cram and Harder, Eugene, OR, for plaintiff.

K. Kevin Murphy, PHEAA, Harrisburg, PA, for defendant.

## MEMORANDUM OPINION

ALBERT E. RADCLIFFE, Bankruptcy Judge.

The defendant, Pennsylvania Higher Education Assistance Agency (PHEAA) has filed a motion for summary judgment which is presently before this court. In substance, however, the parties have submitted this matter to the court as a trial upon stipulated facts.[1]

## FACTS

On August 1, 1994, the parties filed their stipulation as to the facts, herein. The parties have stipulated as follows:

1. Plaintiff filed for relief under Chapter 7 on September 29, 1993.

2. On January 13, 1993, plaintiff filed a complaint to determine the dischargeability of his student loan obligations owed to PHEAA.

3. PHEAA timely filed an answer on February 11, 1994.

4. Plaintiff borrowed from Integra Bank/Pittsburgh $15,000 from 1982 to 1985 so that he could defray his educational expenses while in attendance at Church Divinity College.

5. Plaintiff signed three separate promissory notes for $5,000 from 1982 to 1985.

6. These promissory notes were payable to Integra Bank/Pittsburgh and guaranteed by PHEAA.

7. In 1989, plaintiff consolidated these three promissory notes and signed a new promissory note for $12,500 pursuant to 20 U.S.C. § 1078-3(d), which consolidated the previous loans.

8. Prior to consolidation, plaintiff had made regular payments on the previous loans.

9. The new promissory note was payable to Union National Bank and guaranteed by PHEAA.

10. Integra Bank/Pittsburgh is not listed as an unsecured creditor of plaintiff's student loan obligations on the bankruptcy petition.

11. Union National Bank is listed as an unsecured creditor of plaintiff's student loan obligations on the bankruptcy petition.

12. Plaintiff's student loan obligation with Union National Bank became due for repayment within seven (7) years of the filing of the bankruptcy petition.

Although there is no stipulation as to when the original notes payable to Integra Bank/Pittsburgh first became due, the plaintiff-debtor argues in his memorandum that the original loans "first became due in 1985" more than seven years prior to the filing of his petition for relief, herein. It is apparent that the original notes due to Integra Bank/Pittsburgh were paid as part of the consolidation as Integra Bank is not listed as a creditor in the debtor's bankruptcy petition while Union Bank is listed as an unsecured creditor. It is undisputed that the debt to Union Bank, guaranteed by PHEAA is an educational loan as defined in 11 U.S.C. § 523(a)(8).

## ISSUE

The debtor argues that his debt to Union Bank is dischargeable pursuant to the provisions of 11 U.S.C. § 523(a)(8)(A) as the loan first became due more than seven years prior to the filing of his petition for relief, herein. PHEAA argues that the seven year period began to run when the new loan or consolidated loan first became due in 1989, less than seven years prior to the filing of the petition, herein, thus, the debt is non-dischargeable.

1. On April 13, 1994, a pre-trial conference was held during which the parties indicated to the court that they wished to submit this matter for resolution upon stipulated facts. Thereupon, a scheduling order was entered setting a deadline for the filing of the stipulated facts and a briefing schedule. All briefs have now been filed and the matter is now ripe for decision.

The sole question for this court to decide is whether the starting date for the seven year period specified in 11 U.S.C. § 523(a)(8)(A) begins to run from the date the original loans were first due or the date the new consolidation loan was first due.

## DISCUSSION

All statutory references are to the Bankruptcy Code, Title 11 United States Code, unless otherwise indicated.

Section 523 provides in pertinent part as follows:

(a) A discharge under section 727, ... does not discharge an individual from any debt—

(8) for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or a nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will impose an undue hardship on the debtor and the debtor's dependents; [2]

There is split of authority as to the question presented here. Several cases from the Eastern District of Virginia support the position taken by the debtor, see In re Washington, 41 B.R. 211 (Bankr.E.D.Va.1984); In re Ziglar, 19 B.R. 298 (Bankr.E.D.Va.1982); In re Brown, 4 B.R. 745 (Bankr.E.D.Va.1980). These cases focus on the language "first became due" to conclude; "[W]here a debtor executes an installment note consolidating the student loans after those loans first became due, the court must consider the date the first notes became due and not the date the note representing the consolidation of

those loans became due. . . . were it otherwise the student loan in issue ... would never be discharged." In re Ziglar, 19 B.R. at 300.

It is noteworthy that in the first case, In re Brown, the original notes were payable to Mountain Trust Bank. The installment note or consolidation loan was also payable to Mountain Trust Bank. Both the original notes and the consolidation loan were guaranteed by the State Education Assistance Authority.

The majority of the courts to have considered this issue, however, support PHEAA's position, see, Hiatt v. Indiana State Student Assistance Commission, 36 F.3d 21, (7th Cir. 1994); In re Menendez, 151 B.R. 972 (Bankr. M.D.Fla.1993); In re Saburah, 136 B.R. 246 (Bankr.C.D.Cal.1992); U.S. v. McGrath, 143 B.R. 820 (D.C.D.Md.1992); In re Martin, 137 B.R. 770 (Bankr.W.D.Mo.1992); In re McKinney, 120 B.R. 416 (Bankr.N.D.Ohio 1990), rev'd, Pennsylvania Higher Education Assistance Agency v. McKinney, 1992 WL 265992 (D.Ct.N.D.Ohio 1992).

The court in In re Saburah, criticized the position taken by the bankruptcy courts in the Eastern District of Virginia. There, Judge March stated:

The reasoning used by the court in In re Brown was that in theory, an educational loan might never be dischargeable because continuous extensions would operate to extend the § 523(a)(8)(A) period. I find this reasoning unpersuasive. Under the reasoning of Brown a student could obtain a loan, avoid repayment while in school, wait until the first payment became due, obtain forbearances, at some point consolidate and drastically reduce the monthly payment, obtain forbearances on the consolidation loan, then once the § 523(a)(8)(A) period ended, file a bankruptcy petition. The effect is to benefit the student with money during school, then burden the taxpayer with funding such a loan which was hardly repaid. Such a result was not in-

---

2. The debtor has not alleged any undue hardship, therefore, the provisions of § 523(a)(8)(B) do not apply to this discussion.

tended by Congress. *In re Saburah,* 136 B.R. at 251.

Again, as stated by Judge March:

The words "such loan" refer to the loan which created the debt sought to be discharged. The loan which created the debt which Debtor seeks to have discharged is the New Loan, not the Original Loans. Thus, pursuant to the plain language of Section 523(a)(8)(A) the debt on the New Loan is only dischargeable if the New loan, i.e. the consolidation loan, first became due more than seven years before the date of filing of the Current Chapter 7. Based on the plain language of Section 523(a)(8)(A), the date that the Original Loans first became due is irrelevant. The date that is relevant is the date on which the loan created the debt sought to be discharged first became due. *id.* at 252.

In addition, the court in *Saburah,* noted: "The New Loan is a separate loan, not a continuation of the Original Loans. The New Loan was made by Sallie Mae, not by any of the Original Lenders." 136 B.R. at 252.

This court has previously noted the strong public policy announced by Congress to secure repayment of student loans to insure that funds continue to be available to help future students. *See In re Garelli,* 162 B.R. 552 (Bankr.D.Or.1994).

Here, it is clear from the stipulated facts that the new promissory note executed by the debtor in favor of Union National Bank, pursuant to 20 U.S.C. § 1078-3(d), was a new loan extended by Union National Bank and not by the original lender, Integra Bank. It is clear that "such loan first became due" less than seven years prior to the filing of the debtor's Chapter 7 petition, herein. This court is, therefore, persuaded that the majority view as announced by the court in *Saburah* and the other cases favoring PHEAA's position, should be applied in this case.

### CONCLUSION

This court concludes that the debtor's debt to PHEAA is non-dischargeable pursuant to the provisions of § 523(a)(8), an appropriate judgment shall be entered. This opinion contains the court's findings of fact and conclusions of law; they shall not be separately stated.