**In re Edward K. MATTINGLY, Debtor.**

**Edward K. MATTINGLY, Plaintiff,**

v.

**NEW JERSEY HIGHER EDUCATION ASSISTANCE AUTHORITY American Student Assistance; ASA Funds A.S.A—Payco U.S. Department of Education, Defendants.**

**Bankruptcy No. 97–32135(2)7.**
**Adversary No. 97–3269.**

United States Bankruptcy Court,
W.D. Kentucky,
Louisville Division.

Sept. 8, 1998.

Louis M. Nicoulin, Louisville, KY, for Debtor.

John Wilson, Louisville, KY.

### MEMORANDUM–OPINION

J. WENDELL ROBERTS, Bankruptcy Judge.

This matter is presently before this Court on the Cross Motions for Summary Judgment filed by the Plaintiff/Debtor, Edward K. Mattingly ("Debtor"), and the Defendant, New Jersey Higher Education Assistance Authority ("Defendant"). This adversary proceeding was filed by Debtor for the purpose of determining the dischargeability of his student loan obligation under 11 U.S.C. § 523(a)(8). The loan at issue is a consolidation loan which first became due during the

seven year period used to determine dischargeability under § 523(a)(8). However, the original loan which was consolidated by that loan, first became due prior to the controlling seven year period.

The material facts are not in dispute. Rather, this case turns on the narrow legal issue of when the seven year period used to determine dischargeability begins to run: (1) upon the date the original loan first became due, without regard to the subsequent consolidation of that loan; or (2) upon the date that the consolidated loan first became due.

This Court, having fully reviewed the briefs of the parties and the case law cited therein, as well as having conducted its own extensive research on this issue, finds that the case law uniformly holds that the seven year period governing dischargeability under § 523(a)(8) begins to run upon the date the consolidated loan first became due. Accordingly, Defendant is entitled to Summary Judgment holding that Debtor's student loan obligation is nondischargeable under § 523(a)(8). Hence, the Court will sustain the Defendant's Motion for Summary Judgment, and will overrule the Debtor's Motion for Summary Judgment.

## FACTS

In October of 1988, Debtor enrolled in Tri-State Semi Drivers Training, Inc., which provided a five month program to train drivers in the operation of semi-trucks. To finance his schooling, Debtor applied for and obtained a student loan. It appears from the file that both Citibank and the Consumer Bank of New England were lenders with regard to Debtor's original student loan, with University Loan Services serving as servicing agent. The loan was thereafter transferred on several occasions. Debtor's application for his consolidated loan states that by states that by March of 1996, the Guarantor on the original loan was American Student Assistance a/k/a Massachusetts Higher Education ("ASA"), and the Creditor was DCS, Inc.

Debtor defaulted on the loan, and on March 23, 1996, applied for a consolidated loan. Debtor was approved for the consolidation loan, with repayment scheduled to commence on August 17, 1996. The consolidation loan was in the amount of $5,040.16 and was apparently issued by Arizona Educational Loan Marketing Corp. ("AELMAC")[1], serviced by UNIPAC, and guaranteed by Defendant. Debtor made only two payments on this loan, and then defaulted.

On April 25, 1997, Debtor filed for Chapter 7 bankruptcy. Thereafter, in June of 1997, Defendant paid off the balance of the loan in the amount of $4,979.56, and was assigned the note to enable it to pursue its subrogation rights against Debtor. Debtor has to date made no payments to Defendant and interest has continued to accrue under the terms of the consolidation loan at a rate of 9% per annum from June of 1997. The consolidation loan agreement additionally provided for the recovery of attorney fees and costs incurred for the collection of the loan upon default.

On December 11, 1997, Debtor filed this adversary proceeding in an attempt to discharge the debt owed to Defendant. Defendant, on the other hand, seeks a judgment pursuant to § 523(a)(8)(A) that the consolidation loan, with the present balance of $5,221.26 plus interest, and costs and attorneys fees in the amount of $1,244.89 be adjudged nondischargeable.

The parties agree that while the original student loan first became due before the commencement of the seven year period preceding the bankruptcy filing, the consolidation loan first became due within the determinative seven year period.

## LEGAL DISCUSSION

■ The Court begins its analysis with a review of § 523(a)(8)(A). That Section reads:

(a) A discharge under section 727 ... of this title does not discharge an individual debtor from any debt—

1. Debtor complains that there is no documentation establishing that AELMAC issued the loan.

The Court notes this is a red herring, as that fact is not material to the issue raised by this case.

(8) for an educational benefit overpayment or loan made, insured, or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship, or stipend, unless—

(A) *such loan*, benefit, scholarship, or stipend overpayment *first became due before more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition.*

(emphasis added). The sole issue presently before the Court in this case is exactly when did the seven year period begin to run. Debtor argues it began to run at the time the original loan first became due, which is outside of the required seven year period. If Debtor is correct, the debt would be dischargeable in bankruptcy. Defendant, on the other hand, asserts that the seven year period began to run at the time the consolidation loan first became due, which undisputedly occurred within the seven year window. Under Defendant's interpretation, the debt would be nondischargeable.

The Court has carefully reviewed the case law addressing this issue and finds that it uniformly adopts the interpretation advocated by Defendant. That is, the seven year period begins anew upon the date that a consolidation loan first becomes due. *Hiatt v. Indiana State Student Assistance Comm'n*, 36 F.3d 21 (7th Cir.1994), *cert. denied*, 513 U.S. 1154, 115 S.Ct. 1109, 130 L.Ed.2d 1074 (1995); *In re Cobb*, 196 B.R. 34 (Bankr.E.D.Va.1996); *In re Hesselgrave*, 177 B.R. 681 (Bankr.D.Or.1995); *In re Menendez*, 151 B.R. 972 (Bankr.M.D.Fla.1993); *United States v. McGrath*, 143 B.R. 820 (D.Md.1992), *aff'd* 8 F.3d 821 (4th Cir.1993); *In re Martin*, 137 B.R. 770 (Bankr.W.D.Mo. 1992); *In re Saburah*, 136 B.R. 246 (Bankr. C.D.Cal.1992).[2]

These cases have focused on the language of § 523(a)(8)(A), which states that "such loan" may be discharged if it first became due within the seven year period preceding bankruptcy. *Hiatt*, 36 F.3d at 23; *Cobb*, 196 B.R. at 36; *Hesselgrave*, 177 B.R. at 684; *Menendez*, 151 B.R. at 974; *McGrath*, 143 B.R. at 824; *Martin*, 137 B.R. at 772–74. The question raised is whether the words "such loan" refers to the original loan or the consolidated loan. The cases cited above uniformly find that "such loan" refers to "the loan which created the debt sought to be discharged;" that is, the consolidation loan, not the original loan. *Saburah*, 136 B.R. at 252; *Hiatt*, 36 F.3d at 23; *Cobb*, 196 B.R. at 36; *Hesselgrave*, 177 B.R. at 683; *Menendez*, 151 B.R. at 974; *McGrath*, 143 B.R. at 824; *See Martin*, 137 B.R. at 773–74. By consolidating the original loan, that loan becomes extinguished and a new, consolidation loan is created. *Hiatt*, 36 F.3d at 23–24 (debtor's "loan consolidation" did not effect an alteration of the terms of her original loans, but rather extinguished her original loans and replaced them with a new loan); *Martin*, 137 B.R. at 774; *Cobb*, 196 B.R. at 36; *Hesselgrave*, 177 B.R. at 684 ("The New Loan is a separate loan, not a continuation of the Original Loans."); *Saburah*, 136 B.R. at 252 ("The New Loan is a separate loan, not a continuation of the Original Loans.").

Accordingly, based on the plain language of § 523(a)(8)(A), the relevant date for purposes of determining dischargeability is the date when the consolidated loan first became due. If it became due within the seven year period preceding bankruptcy, the debt is nondischargeable pursuant to § 523(a)(8). The date that the original loan became due is irrelevant. *Hiatt*, 36 F.3d at 23–25; *Cobb*, 196 B.R. at 36. That loan has been extinguished, and hence, is not the debt sought to be discharged. *Hiatt*, 36 F.3d at 23–25; *Cobb*, 196 B.R. at 36.

Finally, the Court notes Debtor raises two alternative arguments. First, Debtor argues

---

**2.** The Court notes that there has been one case from Ohio and a trilogy of cases from the Eastern District of Virginia which have held to the contrary. However, the Ohio case, *In re McKinney*, 120 B.R. 416 (Bankr.N.D.Ohio 1990), was reversed on appeal by *McKinney II*, 1992 WL 265992 (N.D.Ohio 1992) (No. 1:90CV1946);

1992 U.S. Dist. LEXIS 14796 (N.D.Oh.1992). The three Eastern District of Virginia cases, *In re Brown*, 4 B.R. 745 (Bankr.E.D.Va.1980); *In re Washington*, 41 B.R. 211 (Bankr.E.D.Va.1984); and *In re Ziglar*, 19 B.R. 298 (Bankr.E.D.Va. 1982), were overruled by the *Cobb* case, 196 B.R. at 34.

the training program in which he was enrolled was only a five month program. Therefore, it did not meet the criteria necessary to qualify as an "institute of higher learning," an initial requirement for enrollees to be eligible for student loans. Thus, Debtor argues, the loan does not fall within the scope of § 523(a)(8)(A). Second, Debtor argues that the consolidated loan application only listed one loan as being consolidated, rather than multiple loans. Thus, the above cited case law holding that the date of the consolidation loan controls for purposes of determining § 523(a)(8) dischargeability, is not applicable to this case.

The Court finds both arguments to be without merit. With regard to the first argument, the issue of whether a school qualifies as an "institute of higher learning" is only relevant for the purpose of determining *whether the student loan is to be granted* in the first place. *See* 20 U.S.C. § 1141, et seq. Thus, it is relevant *only* for loan *qualification* purposes. *Id.* Once the decision to grant the loan has been made, that issue is moot. It is certainly not relevant to § 523(a)(8) nondischargeability.

The Court additionally finds Debtor's second argument—that this case is distinguishable from the other consolidation loan cases because it involves only a consolidation of one loan, rather than multiple loans—to be similarly without merit. The Court simply notes that the *Cobb* case, 196 B.R. 34 (Bankr. E.D.Va.1996), involved the consolidation of just one loan. Additionally, the reasoning behind the holding is *equally* applicable, whether the consolidation loan consolidates one or multiple loans. In both instances, the original loan(s) is extinguished, and the new consolidation loan is created in replacement.

### CONCLUSION

It is undisputed that the consolidation loan at issue in this case first became due within the seven year period preceding bankruptcy. Thus, for the above stated reasons the Court finds that there are no material facts in dispute and Defendant, New Jersey Higher Education Assistance Authority, is entitled by law to a judgment that the consolidation loan debt is nondischargeable under § 523(a)(8)(A). Accordingly, the Court will by separate Order **sustain** Defendant's Motion for Summary Judgment and **overrule** Plaintiff's Motion for Summary Judgment.

### *ORDER*

Pursuant to the attached Memorandum–Opinion,

**IT IS ORDERED AND ADJUDGED** that the Motion of Defendant, New Jersey Higher Education Assistance Authority, for Summary Judgment be, and is hereby, **SUSTAINED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the Cross–Motion of Plaintiff/Debtor, Edward K. Mattingly for Summary Judgment be, and is hereby, **OVERRULED.**

**IT IS FINALLY ORDERED** that the Defendant, New Jersey Higher Education Assistance Authority, be, and is hereby, granted Judgment against Plaintiff/Debtor, Edward K. Mattingly, in the amount of $5,221.96 plus interest at the rate of 9% per annum from January 29, 1998 until paid, plus costs of collection and attorney fees of $1,244.89, such Judgment to be nondischargeable pursuant to 11 U.S.C. § 523(a)(8)(A).

This is a final and appealable Order, there being no just cause for delay.