**In re Daniel P. RUDNICKI and Laura Rudnicki, Debtors.**

**Daniel P. Rudnicki and Laura Rudnicki, Plaintiffs–Appellees,**

**v.**

**Southern College of Optometry, Defendant,**

**United Student Aid Funds, Inc., Defendant–Appellant.**

**BAP No. 98–8017.**

United States Bankruptcy Appellate Panel of the Sixth Circuit.

Submitted Oct. 7, 1998.

Decided Jan. 13, 1999.

Simon Groner, Cincinnati, Ohio, on brief, for Appellant.

Before: BAXTER, LUNDIN, and STOSBERG, Bankruptcy Appellate Panel Judges.

**OPINION**

This appeal concerns the effect of loan consolidation on the calculation of the seven year period for the nondischargeability of student loans under (former)[1] 11 U.S.C. § 523(a)(8)(A). The bankruptcy court determined that the date the original student loans first became due governed calculation of the seven year nondischargeability period. We find contrary intent in § 523(a)(8) and hold that the seven year period is counted from the date the consolidated loan first be-

---

1. 11 U.S.C. § 523(a)(8)(A) was repealed on October 7, 1998, to eliminate the discharge of student loans that have been in repayment for more than seven years. Higher Education Amendments of 1998, Pub.L. No. 105–244, § 971, 112 Stat. 1581, 1837 (1998). The repealer applies only to cases filed after the enactment date. *Id.*

came due. Accordingly, we reverse the bankruptcy court.

## I. ISSUE ON APPEAL

Whether the seven year period of nondischargeability for student loans under 11 U.S.C. § 523(a)(8)(A) is measured from the date the original loans first became due or from the date the consolidated loan first became due.

## II. JURISDICTION AND STANDARD OF REVIEW

The United States District Court for the Southern District of Ohio has authorized appeals to the Bankruptcy Appellate Panel of the Sixth Circuit. The BAP has jurisdiction to hear appeals of final orders. "Determinations of nondischargeability under § 523(a) are final orders for appeal purposes." *National City Bank v. Plechaty (In re Plechaty)*, 213 B.R. 119, 121 (6th Cir. BAP 1997) (citations omitted).

■■■ The bankruptcy court's findings of fact are reviewed for clear error and its conclusions of law are reviewed de novo. *See, e.g., Nicholson v. Isaacman (In re Isaacman)*, 26 F.3d 629, 631 (6th Cir.1994); *Plechaty*, 213 B.R. at 121. De novo review requires the Panel to interpret statutes independently of the determination of the bankruptcy court. *National City Bank v. Elliott (In re Elliott )*, 214 B.R. 148, 149 (6th Cir. BAP 1997). The bankruptcy court's interpretation of § 523(a)(8) is reviewed de novo. *See Andrews University v. Merchant*, 958 F.2d 738, 739 (6th Cir.1992); *Dolph v. Pennsylvania Higher Educ., Assistance Agency*, 215 B.R. 832, 834 (6th Cir. BAP 1998).

## III. FACTS

The Debtor, David P. Rudnicki, received student loans from Southern Ohio College of Optometry ($5,700 and $8,600), Ameritrust ($900), and Sallie Mae ($25,000). Although the promissory notes are not in the record, it is undisputed that these original student loans first became due no later than December 1, 1987.

In 1988, Rudnicki consolidated these student loans with Chase Manhattan Bank ("Chase") as the lender and United Student Aid Funds, Inc. ("USA Funds") as guarantor. On December 23, 1988, Rudnicki received the consolidated loan from Chase in the principal amount of $39,828.54. The holders of the original student loan notes were paid in full. The consolidated loan was to be repaid over 25 years with the first payment due on January 22, 1989.

Rudnicki filed a Chapter 7 bankruptcy case on November 2, 1995. Rudnicki filed an adversary proceeding seeking to discharge the student loans under 11 U.S.C. § 523(a)(8)(A) on the theory that the original loans first became due more than seven years prior to the petition. USA Funds moved for summary judgment asserting that its debt was nondischargeable because the consolidated loan became due less than seven years before bankruptcy. The bankruptcy court discharged the consolidated loan debt, holding that the seven year period in § 523(a)(8)(A) commenced when the original loans first became due. USA Funds timely appealed.

## IV. DISCUSSION

Section 523(a)(8) governs the dischargeability of educational loans:

(a) A discharge under section 727, 1141, 1228(a), 1228(b), or 1328(b) of this title does not discharge an individual debtor from any debt—

(8) for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless—

(A) such loan, benefit, scholarship, or stipend overpayment first became due more than 7 years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition; or

(B) excepting such debt from discharge under this paragraph will

impose an undue hardship on the debtor and the debtor's dependents[.]

11 U.S.C. § 523(a)(8) (1994 & Supp.1997). The Debtor did not allege "undue hardship." Section 523(a)(8)(A) is the only avenue to discharge for this Debtor.

A majority of courts, including the United States Court of Appeals for the Seventh Circuit, has held that a consolidated student loan is a new loan for purposes of § 523(a)(8)(A). *See Hiatt v. Indiana Student Assistance Comm'n (In re Hiatt)*, 36 F.3d 21, 23 (7th Cir.1994), *cert. denied*, 513 U.S. 1154, 115 S.Ct. 1109, 130 L.Ed.2d 1074 (1995); *Graddy v. United States (In re Graddy)*, Case No. 98–22821–B, Adv. No. 98–0317, 1998 WL 661457 (W.D.Tenn., Sept. 24, 1998) (collecting cases); *Mattingly v. New Jersey Higher Educ. Assistance Auth. (In re Mattingly)*, 226 B.R. 583, 585 (Bankr.W.D.Ky. 1998) (collecting cases).

■ This Panel is persuaded that consolidation of Rudnicki's loan extinguished the original promissory notes, and that the seven year period in § 523(a)(8)(A) began when the consolidated loan first became due on January 22, 1989. When Rudnicki consolidated his student loans, he received a new loan from Chase, the proceeds of which paid in full his original educational loans. *See* 20 U.S.C. § 1078.[2] The only student loan debt owed by Rudnicki at the bankruptcy petition was the consolidated loan. The consolidated loan first became due within seven years of bankruptcy and is not dischargeable under § 523(a)(8)(A).

As explained by Judge Roberts in *Mattingly*:

[T]he language of § 523(a)(8)(A) ... states that "such loan" may be discharged if it first became due within the seven year period preceding bankruptcy.... "[S]uch loan" refers to the "loan which created the debt sought to be discharged;" that is, the consolidation loan, not the original loan.... By consolidating the original loan, that loan becomes extinguished and a new, consolidation loan is created.

Accordingly, based on the plain language of § 523(a)(8)(A), the relevant date for purposes of determining dischargeability is the date when the consolidated loan first became due. If it became due within the seven years preceding bankruptcy, the debt is nondischargeable pursuant to § 523(a)(8). The date that the original loan became due is irrelevant. That loan has been extinguished, and hence is not the debt sought to be discharged.

*Mattingly*, 226 B.R. at 585 (internal citations omitted).

## V. CONCLUSION

Accordingly, the judgment of the bankruptcy court is **REVERSED**.

---

2. The Higher Education Act allows students to consolidate loans. The Act states in part:

Loans made under this section which are insured by the Secretary shall be considered to be new loans made to students for the purpose of section 424(a) [20 U.S.C. § 1074(a)] of this title.

20 U.S.C. § 1078–3(e). Upon consolidation, the Act requires that the Secretary or guaranty agen-cy enter into an agreement which provides that the "proceeds of each consolidation loan will be paid by the lender to the holder of holders of the loans so selected to discharge the liability on such loans." *Id.* § 1078–3(b)(1)(D).

The Higher Education Act "alerts borrowers and lenders that upon consolidation of loans governed by the Act, the original loans are discharged." *Graddy*, 1998 WL 661457, at *2.