**In re Clark Alan SHAFFER, Debtor.**

**Clark Alan Shaffer, Plaintiff,**

v.

**United Student Aid Funds, Inc., Defendant.**

Bankruptcy No. 398–33411–HCA–13.

Adversary No. 398–3772.

United States Bankruptcy Court,
N.D. Texas,
Dallas Division.

Aug. 16, 1999.

Cynthia A. Spencer, Garland, TX, for Debtor.

Thomas Powers, Dallas, TX, trustee.

### MEMORANDUM OPINION

HAROLD C. ABRAMSON, Bankruptcy Judge.

Came before the Court for consideration the following pleadings:

1. Complaint to Determine Dischargeability of Debt by Debtor, filed on November 18, 1998; and Amended Complaint to Determine Dischargeability of Debt by Debtor, Clark Alan Shaffer ("Debtor" or "Plaintiff"), filed on July 7, 1999;

2. Original Answer of Educational Credit Management Corporation ("Defendant") filed on January 15, 1999;

3. Plaintiff's Trail Brief filed July 14, 1999;

4. Defendant's Trial Brief filed July 14, 1999; and

5. Stipulation of Fact entered into by Debtor/Plaintiff and Defendant, filed July 12, 1999.

This memorandum opinion constitutes findings of fact and conclusions of law under Federal Rules of Bankruptcy Procedure 9014 and 7052. The Court has jurisdiction pursuant to 28 U.S.C. §§ 1334 and 151, and the standing order of reference in this district. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (I).

The parties have stipulated to the following facts. The Debtor filed his Chapter 13 bankruptcy petition on April 17, 1998. Debtor borrowed funds from Dallas Teachers Credit Union to enable Debtor to attend college on three separate occasions—on or about September 20, 1984; on or about August 23, 1985; and on or about October 16, 1986. On or about November 22, 1991, the Debtor entered into a debt consolidation loan ("Consolidation Loan") with Student Loan Marketing Association ("Sallie Mae") in the estimated amount of $7,586.22. Such Consolidation Loan with Sallie Mae was made in accordance with 20 U.S.C. § 1078–3, which is the provision of the Higher Education Act of 1965 that creates federally guaranteed consolidation loans. Via the Consolidation Loan, Sallie Mae paid the balances owing on the three loan obligations Debtor owed to Dallas Teachers Credit Union. None of the money borrowed from Sallie Mae was paid over to an educational institution, but was used solely to restructure outstanding debt on the Debtor's original students loans from Dallas Teachers Credit Union in or-

der for Debtor to receive more favorable payment options. Through a series of assignments, Educational Management Credit Corporation is now the holder of the Consolidation Loan. As of the date of the bankruptcy filing, the amount due and owing on the Consolidation Loan was $9,472.38.

The parties have also stipulated that the original loans taken by the Debtor from Dallas Teachers Credit Union are of the type contemplated in 11 U.S.C. § 523(a)(8), which excepts from discharge certain loans taken out for educational purposes. Therefore, the sole question this Court must consider is whether the Consolidation Loan the Debtor received from Sallie Mae in 1991 is also an educational loan within the ambit of 11 U.S.C. § 523(a)(8). Since the Debtor filed his bankruptcy petition on April 17, 1998, the Debtor is governed by the pre-October 1998 version of 11 U.S.C. § 523(a)(8). Section 523(a)(8) provided in pertinent part, "A discharge under section ... 1328(b) of this title does not discharge an individual debtor from any debt ... for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend, unless ... such loan, benefit, scholarship, or stipend overpayment first became due more than seven years (exclusive of any applicable suspension of the repayment period) before the date of the filing of the petition."[1] The parties have stipulated that the Consolidation Loan was made within the seven years prior to the Debtor's bankruptcy filing, as provided in § 523(a)(8); therefore, if this Court finds that the Consolidation Loan is an educational loan within the meaning of § 523(a)(8), then the loan is nondischargeable.

---

1. The 1998 Amendment to the Bankruptcy Act removed the seven year period from the statute, making any educational loan, no matter when is was made, nondischargeable unless it would work an to undue hardship on the debtor or the debtor's dependents.

The Debtor contends that the Consolidation Loan is not an educational loan within the meaning of the § 523(a)(8) exception because the proceeds of the loan were not paid over to an educational institution to finance the Debtor's education, but, rather, is a loan primarily to restructure student debt. Defendant contends that the Consolidation Loan is, in fact, an educational loan within the meaning of § 523(a)(8) because: (1) federal consolidation loans are made by a student loan program funded by a governmental unit pursuant to statute; (2) by the note's own terms the Consolidation Loan was used to pay off prior student loans; and (3) the essential purpose of a Consolidation Loan is the restructuring of debt incurred to pay the cost of higher education making it, in effect, a second government guaranteed student loan.

The Guaranteed Student Loan Program ("GLS Program")—now the Federal Family Education Loan Program ("FFEL Program")—was designed to keep the doors of institutions of higher education open to all students of ability, regardless of their economic wherewithal.[2] The FFEL Program guarantees federally-backed, low-interest educational loans for certain eligible students.[3] The FFEL Program encompasses four different loan programs: (1) the Federal Stafford Loan program; (2) the Federal Supplemental Loans for Students program; (3) the Federal PLUS program; and (4) the Federal Consolidation Loan program.[4] All four programs are administered by the Secretary of Education, who is authorized to issue regulations and to carry out the enacting statutes.[5] The application for the Consolidation Loan taken out by the Debtor contains the following language, which is a representation by the borrower, the Debtor, to the lender, Sallie Mae:

"To Sallie Mae: By means of this application, I am applying to have my loans consolidated into a SMART LOAN Account at Sallie Mae, as allowed under Section 428C of the Higher Education Act of 1965, as amended. . . ."[6]

Section 428C of the Higher Education Act of 1965 is codified as 20 U.S.C. § 1078–3. This provision is the section of the FFEL Program providing for federal consolidation loans. Loans eligible for consolidation under 20 U.S.C. § 1078–3 are, generally, those loans made under the authority of the Higher Education Act of 1965 and certain educational loans made under the authority of the Public Health Services Act.[7] These consolidation loans are under the auspices of the Secretary of Education pursuant to the Higher Education Act of 1965.

At first, loans under the GSL Program were fully dischargeable. In the mid–1970s, however, a perception arose that students were abusing the GSL Program by leaving school and immediately discharging their student loans in bankruptcy, costing the federal government millions of dollars. That perception brought about a call for legislation to make such loans nondischargeable.[8] The result was not a new provision in the Bankruptcy Code, but an Amendment to the Higher Education Act of 1965, which provided for nondischargeability of these federally-backed, federally-guaranteed loans for a period of five years after the repayment period on

---

**2.** *Johnson v. Missouri Baptist College (In re Johnson),* 218 B.R. 449, 451 (8th Cir. BAP 1998).

**3.** *Id.*

**4.** *See* 20 U.S.C. § 1071 *et sequitur; see also Pro Schools, Inc. v. Riley,* 824 F.Supp. 1314, 1316 (E.D.Wis.1993); *see also Chauffeur's Training School, Inc. v. Riley,* 967 F.Supp. 719, 723 n. 1 (N.D.N.Y.1997).

**5.** 20 U.S.C. § 1082; *see also Pro Schools, Inc.,* 824 F.Supp. at 1316.

**6.** *See* Application/Promissory Note of Charles Alan Shaffer, dated November 22, 1991, on file with the court.

**7.** 20 U.S.C. § 1078–3(a)(4).

**8.** *Johnson,* 218 B.R. at 451.

the loans began.[9] That provision of the Higher Education Act was repealed in 1978 and was shortly followed by the first version of 11 U.S.C. § 523(a)(8), which contained provisions substantially similar to the former Higher Education Act provision.[10]

This nondischargeability of the loans provided by the FFEL Program serves "the strong public policy ... to secure repayment of student loans to insure that funds continue to be available to help future students." [11] "Congress created a moratorium on dischargeability of educational loans to maintain the integrity of the federally-supported student loan system, and to ensure that the program remained viable for future generations of students." [12] Speaking to the time bar on nondischargeability, the Court in *Cobb v. United Student Aid Funds, Inc. (In re Cobb)*, expressed the policy behind considering consolidation loans made pursuant to 20 U.S.C. § 1078–3 under the FFEL Program nondischargeable: "It would be inequitable to allow the debtor to do away with the troublesome features of the original loans and accept the benefits of consolidation...." [13] Similarly, it would be inequitable to allow the Debtor in this case to take

the benefit of consolidation while getting rid of the nondischargeable attributes of the original loans. Avoiding the 11 U.S.C. § 523(a)(8) exception to dischargeability by simply consolidating the loans conflicts with the legislative intent behind this discharge exception. Such a ploy forces the federal government to foot the bill, and depletes the FFEL Program fund. Students often consolidate their educational debt shortly after finishing their educations. If by making such consolidations, these students have removed their loans from the reach of the exception to dischargeability under 11 U.S.C. § 523(a)(8), we have effectively turned the clock back to 1973, when the concern about student abuse of the GSL Program first arose.[14] This could not possibly be the intent of Congress, as reflected in the plain words of the statute.

Next, the majority of courts dealing with the issue of dischargeability of consolidation loans made under 20 U.S.C. § 1078–3 for the purpose of consolidating educational loan debt have recognized such consolidation loans as educational loans for the purposes of the § 523(a)(8) exception to discharge.[15] This Court could find only

---

**9.** *Id.* at 452. The statute read as follows, "A debt which is a loan insured or guaranteed under the authority of this part may be released by a discharge in bankruptcy under the Bankruptcy Act only if such discharge is granted after the five-year period (exclusive of any applicable suspension of the repayment period) beginning on the date of the commencement of the repayment period of such loan, except that prior to the expiration of the five-year period, such loan may be released only if the court in which the proceeding is pending determined that the payment from future income or other wealth will impose an undue hardship on the debtor or his dependents." *Id.*

**10.** *Id.* at 452–53.

**11.** *Hesselgrave v. Pennsylvania Higher Education Assistance Agency (In re Hesselgrave)*, 177 B.R. 681, 684 (Bankr.D.Or.1995).

**12.** *Schirmer v. Minnesota Higher Education Coordinating Board (In re Schirmer)*, 191 B.R. 155, 159 (Bankr.D.Minn.1996).

**13.** *Cobb v. United Student Aid Funds, Inc. (In re Cobb)*, 196 B.R. 34, 37 (Bankr.E.D.Va.1996).

**14.** *Johnson*, 218 B.R. at 451.

**15.** *See e.g., Hiatt v. Indiana State Student Assistance Commission*, 36 F.3d 21, 24 (7th Cir. 1994) (noting that a consolidation loan under the Higher Education Act is, in fact, a second government guaranteed student loan); *Cobb v. United Student Aid Funds, Inc. (In re Cobb)*, 196 B.R. 34, 37 (Bankr.E.D.Va.1996) (describing a consolidation loan as being "in essence a second government guaranteed student loan"); *Santa Fe Medical Services, Inc. v. Segal (In re Segal)*, 57 F.3d 342, 349 n. 8 (3rd Cir.1995) (in dicta, noting that courts routinely view consolidation loans as educational loans within the meaning of 11 U.S.C. § 523(a)(8)); *Rudnicki v. Southern College of Optometry (In re Rudnicki)*, 228 B.R. 179, 181 (6th Cir. BAP 1999) ("The only student loan debt owed by [the debtor] ... was the consolidated loan."); *Martin v. Great Lakes Higher*

one case putting forth the opposing view that such consolidation loans are not educational loans within the ambit of § 523(a)(8).[16] In *Flint v. United Student Aid Funds, Inc. (In re Flint)*, the court noted that a consolidation loan's purpose is the refinancing of educational loans, not the purchase of an education. The court in *Flint* found it nonsensical to derive the purpose of the consolidation loan from the purpose of the original loans, which the consolidation loan repays in full and extinguishes.[17] While the court in Flint was willing to assume that a consolidation loan made in accordance with 20 U.S.C. § 1078–3 is part of the FFEL Program that 11 U.S.C. § 523(a)(8) is designed to protect, it nevertheless had a very narrow view of the definition of an educational loan, insisting that educational loans are limited to loans whose proceeds are used directly to fund a person's education.[18] Accordingly, the court determined that, since the proceeds of a consolidation loan are used to pay off educational loans and its purpose is the restructuring of educational debt and not the direct purchase of an education, a consolidation loan made under 20 U.S.C. § 1078–3 is dischargeable.

Based on the policy considerations behind the FFEL Program and behind the enactment of 11 U.S.C. § 523(a)(8), as well as the overwhelming recognition of consolidation loans as educational loans within the meaning of § 523(a)(8) by other courts, this Court concludes that a federally insured consolidation loan made under 20 U.S.C. § 1078–3 is an educational loan within the meaning of § 523(a)(8) and is, therefore, nondischargeable. Accordingly,

Debtor's Consolidation Loan is nondischargeable.

A separate order will be entered consistent with this opinion.

---

*Education Corp (In re Martin)*, 137 B.R. 770, 772 (Bankr.W.D.Mo.1992) (noting that a consolidation loan of this type is an educational loan within the ambit of 11 U.S.C. § 523(a)(8) for the reason that it originates from a governmentally funded program and is a loan authorized under the Higher Education Act); *Powers v. Southwest Student Services Corporation (In re Powers)*, 235 B.R. 894 (Bankr. W.D.Mo.1999) ("There is no dispute that the consolidation loan ... is an educational loan that falls withing the coverage of [11 U.S.C. § 523(a)(8) ].").

16. *Flint v. United Student Aid Funds, Inc. (In re Flint)*, 231 B.R. 611 (Bankr.E.D.Mich. 1999).

17. *Id.* at 614.

18. *Id.* at 614–15.