In re Gregory LAPUSAN, Mary
Lapusan, Debtors.

Gregory Lapusan, Mary Lapusan,
Plaintiffs,

v.

Educational Credit Management
Corporation, Defendants.

Bankruptcy No. 98–30097.
Adversary No. 99–3177.

United States Bankruptcy Court,
S.D. Illinois.

Jan. 19, 2000.

William A. Mueller, Belleville, IL, for
plaintiff.

David P. Stoeberl, Shannon M. Blankinship, Sonnenschein Nath & Rosenthal, St.
Louis, MO, for defendant.

## OPINION

KENNETH J. MEYERS, Bankruptcy
Judge.

The issue before the Court is whether a
consolidated loan, the proceeds of which
were used to pay preexisting student
loans, is itself an "educational loan" under
11 U.S.C. § 523(a)(8). The facts are not in
dispute.

On May 31, 1991, Gregory Lapusan consolidated five of his student loans pursuant
to the Higher Education Act ("HEA"). As
a result of the consolidation, the original
student loans (totaling $18,129.18) were
paid in full. The consolidated loan provided for a lower interest rate and lower
monthly payments than the five original
student loans. The parties have stipulated
that the original loans, as well as the consolidated loan, were made pursuant to the
HEA and were guaranteed by the United
States government.

In 1997, Mr. Lapusan defaulted on the
consolidated loan. On January 14, 1998,
he and his wife filed a voluntary chapter 7
bankruptcy petition. Debtors listed the
consolidated loan as a "student loan" on
their schedule of unsecured nonpriority
claims. The Court entered an order of
discharge on April 29, 1998, and the case
was then closed. Debtors subsequently
moved to reopen the case in order to file a
complaint to determine the dischargeability of the consolidated loan.

In their complaint, debtors allege that the consolidated loan is not an educational loan under 11 U.S.C. § 523(a)(8), and is therefore dischargeable. Section 523(a)(8) provides, in relevant part, that a debtor may not be discharged from any debt "for an educational benefit overpayment or loan made, insured or guaranteed by a governmental unit, or made under any program funded in whole or in part by a governmental unit or nonprofit institution, or for an obligation to repay funds received as an educational benefit, scholarship or stipend...." 11 U.S.C. § 523(a)(8).[1]

Debtors argue that under the plain language of § 523(a)(8), only "educational" loans or benefits are nondischargeable. According to debtors, the only reason for obtaining the consolidated loan in the present case was to secure better payment terms, not to pay for an education. Thus, debtors assert, because the loan cannot be characterized as an educational loan or benefit, it is not encompassed by § 523(a)(8) and is dischargeable in bankruptcy.

In support of their argument, debtors rely on the case of *In re Flint,* 231 B.R. 611 (Bankr.E.D.Mich.1999). In *Flint,* the bankruptcy court found that in order for a loan to be an "educational loan," the borrowed funds must be used to pay for debtor's education. The court held that because the proceeds from debtor's consolidated loan were used to pay preexisting student loans, and not to directly fund debtor's education, the consolidated loan was not an "educational" loan under

§ 523(a)(8) and was, therefore, dischargeable. *Id.* at 616–17.

■ The *Flint* decision, however, was subsequently reversed by the district court.[2] *In re Flint,* 238 B.R. 676 (E.D.Mich.1999). The district court rejected debtor's narrow definition of "educational loan" as inconsistent with public policy and the overwhelming majority of other courts. After reviewing the legislative history and purpose of § 523(a)(8) and analyzing the character of the loan in question, the court concluded:

> The character of a loan should dictate how it is treated.... The court is not persuaded by Flint's argument that since the loan did not directly pay for schooling, the consolidated loan in this case conferred merely the financial benefit of debt reduction. The character of the consolidated loan in this case shows that it was made for, and utilized for, an educational purpose.

*Id.* at 680–81 (citations omitted). For the reasons set forth below, this Court agrees with the district court's reasoning and holding in *Flint.*

It is undisputed that the consolidated loan at issue was made pursuant to and is governed by the HEA.[3] The majority of courts dealing with the issue of dischargeability of consolidated loans made under the HEA have recognized such loans as educational loans for the purposes of § 523(a)(8). In *Hiatt v. Indiana State Student Assistance Commission,* 36 F.3d 21 (7th Cir.1994), *cert. denied,* 513 U.S. 1154, 115 S.Ct. 1109, 130 L.Ed.2d 1074 (1995), for example, the Seventh Circuit

1. Debtors have not raised the "undue hardship" exception allowed by § 523(a)(8) and the Court will therefore not address that portion of the statute.

2. In their brief, debtors acknowledge the district court's reversal, but nevertheless urge this Court to adopt the rationale and holding of the bankruptcy court.

3. The Higher Education Act provides, in relevant part, that "[t]he [Student Loan Marketing] Association or its designated agent may,

upon request of a borrower, consolidate loans received under this subchapter ... in accordance with section 1078–3 of this title." 20 U.S.C. § 1087–2(*o*). Section 1078–3 governs consolidated loans and provides, in part, that "[f]or the purpose of providing loans to eligible borrowers for consolidation of their obligations with respect to eligible student loans, the Secretary or a guaranty agency shall enter into agreements in accordance with subsection (b) of this section with the following eligible lenders...." 20 U.S.C. § 1078–3(a).

addressed the question of whether the former time limitation in § 523(a)(8) began on the date the original student loans were created or on the date of consolidation.[4] The court concluded that the time limitation began anew on the date the consolidated loan was made. *Id.* at 25. In reaching its decision, the court noted that a consolidation loan "is in fact a second government guaranteed student loan debt...." *Id.* at 24. Although the *Hiatt* decision was concerned with the question of when the time limitation in § 523(a)(8) commenced, the court's assumption that a consolidated loan is a "student loan" is significant. *See also In re Segal*, 57 F.3d 342, 349 n. 8 (3rd Cir.1995) (noting, in dicta, that courts routinely view consolidation loans as "educational loans" within the meaning of § 523(a)(8)).

Other bankruptcy courts have reached the same conclusion. In *In re Martin*, 137 B.R. 770 (Bankr.W.D.Mo.1992), the court found that the consolidated loan was an educational loan covered by § 523(a)(8) since it was from a program funded by a governmental unit and authorized under the Higher Education Act. *Id.* at 772. *See also In re Lakemaker*, 241 B.R. 577, 581 (Bankr.N.D.Ill.1999) (it is well settled that the consolidation of educational loans can result in a new educational loan nondischargeable under 523(a)(8)). Likewise, in *In re Shaffer*, 237 B.R. 617 (Bankr. N.D.Tex.1999), the court addressed the specific question now before this Court and held that a consolidated loan made under the HEA is an educational loan for the purposes of § 523(a)(8) and is, accordingly, nondischargeable. *Id.* at 621. Citing policy considerations, as well as other case law, the court found that "[a]voiding the 11 U.S.C. § 523(a)(8) exception to dischargeability by simply consolidating the loans conflicts with the legislative intent behind this discharge exception." *Id.* at 620.

In *In re Cobb*, 196 B.R. 34 (Bankr. E.D.Va.1996), the court provides a further explanation of why the consolidation of student loans results in a new educational loan:

> Counsel for the debtor also contends that the only party receiving any benefit from the consolidation loan was the original lender who had its loan paid off. Because the debtor did not return to school following the consolidation, the debtor appears to be implying that the loan was not for an educational purpose.... This argument misses the mark for a couple of reasons. First of all, it appears that the act of consolidating the loans benefitted the debtor by changing the payment terms in some fashion. Secondly, the original loan was admittedly for educational purposes. The consolidation loan served to pay off and alter the terms of the initial education loan and thus created a new obligation relative to the reason for the debt. The essential purpose of the consolidation was the repayment and restructuring of a debt incurred to pay the costs of higher education.

*Id.* at 38. While the central issue in *Cobb* was the same as that addressed by the Seventh Circuit in *Hiatt*, i.e., whether the time limitation in § 523(a)(8) began on the date of the original loans or on the date of consolidation, the court's language regarding the character of the consolidated loan is persuasive.

■ In the instant case, nothing changed about the nature of the debt upon consolidation except that Mr. Lapusan received better payment terms. The loan simply paid off Mr. Lapusan's original student loans to his benefit. Since it is clear that the essential purpose of the loan was the restructuring of debt incurred to pay the costs of higher education, the consolidated loan can only be characterized as an educational debt that is nondischargeable under § 523(a)(8).

---

4. In 1998, Congress removed the time limit, which had allowed for the discharge of stu-

dent loans after seven years.

Policy considerations further support the Court's holding. A finding that the consolidated loan is dischargeable would encourage abuse of both the student loan program and the bankruptcy courts, and would be directly at odds with the goals and intentions of Congress.[5] Simply put, "it would be inequitable to allow the [d]ebtor ... to take the benefit of consolidation while getting rid of the nondischargeable attributes of the original loans." *In re Shaffer*, 237 B.R. at 620. This was clearly not the intent of Congress.

Accordingly, for the reasons stated, the Court finds that the debt owed by debtors to the defendant is nondischargeable pursuant to 11 U.S.C. § 523(a)(8).

---

**5.** As counsel for defendant notes, Congress has made it increasingly difficult to obtain a discharge of educational obligations. At first, only chapter 7 debtors were prevented from discharging their student loans, and the dischargeability period was only five years. Congress then extended nondischargeability to chapter 13 cases and increased the period to seven years. Most recently, the seven year time period has been completely eliminated, and educational loans are dischargeable only upon a showing of undue hardship.