In re Betty A. McBURNEY, Debtor.

**Educational Credit Management Corporation, Appellant,**

v.

**Betty A. McBurney, Appellee.**

**BAP No. AZ–05–1495–DKPa.**
**Bankruptcy No. 99–09453–RTB.**
**Adversary No. 04–00669–RTB.**

United States Bankruptcy Appellate Panel of the Ninth Circuit.

Argued and Submitted Oct. 19, 2006.

Filed Dec. 5, 2006.

Madeleine C. Wanslee, Gust Rosenfeld P.L.C., Phoenix, AZ, for appellant.

Betty A. McBurney, Prescott Valley, AZ, for appellee.

Before: DUNN, KLEIN, and PAPPAS, Bankruptcy Judges.

## OPINION

DUNN, Bankruptcy Judge:

This is an interlocutory appeal in which a student loan creditor appeals from an order denying its motion to dismiss an adversary proceeding brought by the debtor, seeking a determination that her student loan debts were dischargeable in her 1999 chapter 7[1] bankruptcy case. Because we conclude that the consolidation loan made postpetition extinguished the debtor's liability on prepetition student loans and is not vulnerable to "undue hardship" attack under § 523(a)(8) in a pre-consolidation bankruptcy case, we REVERSE.

## FACTS

The debtor, Betty A. McBurney, acting pro se, filed her chapter 7 bankruptcy case on August 9, 1999. Ms. McBurney received her chapter 7 discharge on December 6, 1999, and her case was closed on January 24, 2000.

On March 14, 2000, at Ms. McBurney's request, Sallie Mae Servicing Corporation ("Sallie Mae"), on behalf of guarantor United Student Aid Funds, disbursed funds (the "Consolidation Loan") totaling $32,390.59 to consolidate three prepetition student loans ("Student Loans") owed by Ms. McBurney. Of this amount, $2,846.62 was paid to "DEVRY," and $29,543.67 was paid to "SALLIE MAE—UNIPAC." No funds were disbursed to Ms. McBurney from the Consolidation Loan proceeds.

Ms. McBurney reopened her 1999 chapter 7 case and commenced an adversary proceeding against the United States Department of Education on April 8, 2004, seeking a hardship discharge of the Consolidation Loan pursuant to § 523(a)(8). Sallie Mae was substituted as the defendant on June 10, 2005, and moved to dismiss the adversary proceeding pursuant to Rule 7012 on the basis that the Consolidation Loan was not a prepetition debt, and that the complaint therefore failed to state a claim as to which relief could be granted. Educational Credit Management Corporation ("ECMC") was substituted as the defendant in place of Sallie Mae on September 21, 2005. By Minute Order dated November 28, 2005, the bankruptcy court denied the motion to dismiss.[2]

On December 9, 2005, ECMC filed its Notice of Appeal. We granted leave to appeal the bankruptcy court's interlocutory order.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(I). We have jurisdiction over this interlocutory appeal pursuant to 28 U.S.C. § 158(a)(3).

## ISSUES

Whether the Consolidation Loan is a postpetition debt to which § 523(a)(8) does not apply.

---

1. Unless otherwise indicated, all chapter, section and rule references are to the Bankruptcy Code, 11 U.S.C. §§ 101–1330, and to the Federal Rules of Bankruptcy Procedure, Rules 1001–9036, as enacted and promulgated prior to the effective date (October 17, 2005) of most of the provisions of the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub.L. 109–8, April 20, 2005, 119 Stat. 23 ("BAPCPA").

2. The bankruptcy court entered a separate order denying the motion to dismiss on January 4, 2006.

Whether the bankruptcy court erred in denying ECMC's motion to dismiss the adversary proceeding for failure to state a claim.

## STANDARD OF REVIEW

■ We review a bankruptcy court's conclusions of law de novo. *Fireman's Fund Ins. Co. v. Grover (In re Woodson Co.)*, 813 F.2d 266, 270 (9th Cir.1987).

## DISCUSSION

I. The Consolidation Loan is a Postpetition Debt.

■ Subchapter IV, Part B of the Higher Education Act of 1965 [3] facilitates the availability of federally insured student loans to eligible borrowers. Eligible borrowers may consolidate their student loan obligations. 20 U.S.C. § 1078–3. The issue as to whether a consolidation student loan is dischargeable in bankruptcy arose with some frequency under the version of § 523(a)(8) in effect for cases filed prior to October 7, 1998. As a condition precedent to discharge without a showing of undue hardship, under former § 523(a)(8)(A), a student loan must have come due more than seven years prior to the petition date (the "Nondischargeability Period").[4]

The majority of reported decisions were consistent with *Hiatt v. Ind. State Student Assistance Comm'n*, 36 F.3d 21 (7th Cir. 1994), which held that a consolidation student loan represented a new, distinct debt, the proceeds of which were used to cancel the original student loan notes and to pay the underlying debt. In the reported decisions consistent with the *Hiatt* holding, courts determined that the Nondischarge-

ability Period was governed by the date a consolidation student loan first became due, even if the original student loan had first become due at an earlier date, and even where a debtor had been paying on the student loan debt from that earlier date. We cited *Hiatt* with approval in *Drysdale v. Educ. Credit Mgmt. Corp. (In re Drysdale)*, 248 B.R. 386, 390–91 (9th Cir. BAP 2000), *aff'd*, 2 Fed.Appx. 776, 777 (9th Cir.2001).

ECMC contends that our decision in *Drysdale* regarding the nature of a consolidation student loan remains applicable notwithstanding the change to § 523(a)(8),[5] which eliminated the Nondischargeability Period and left undue hardship as the only cause for discharging a student loan debt. As a result, ECMC asserts the student loan debt Ms. McBurney owed when she filed her adversary complaint is the Consolidation Loan, a *postpetition* debt, not the Student Loans, which existed as prepetition debts until satisfied by the proceeds of the Consolidation Loan.

In *Drysdale*, we explicitly adopted the interpretation of § 523(a)(8)(A) set forth both in *Hiatt* and in *Rudnicki v. So. Coll. of Optometry (In re Rudnicki)*, 228 B.R. 179, 181 (6th Cir. BAP 1999). In doing so, we implicitly adopted the underlying premise in *Hiatt* and in *Rudnicki* that a consolidation student loan is a new, distinct loan, the proceeds of which are applied to extinguish the original student loan debt. Since it is based on an interpretation of relevant provisions of the Higher Education Act of 1965, which remain applicable, that premise holds true notwithstand-

---

3. 20 U.S.C. § 1071, et seq.

4. The seven-year minimum repayment period applied to bankruptcy cases filed after November 15, 1990; prior to that date, the minimum repayment period was five years.

5. This amendment to § 523(a)(8) was effective for cases filed on or after October 7, 1998, and is applicable in Ms. McBurney's chapter 7 case filed in 1999.

ing that § 523(a)(8)(A) no longer exists.[6]

For example, a consolidation student loan lender is obligated to pay the proceeds of the consolidation student loan to holders of the loans being consolidated to "discharge the liability on such loans." 20 U.S.C. § 1078–3(b)(1)(D). Also, the commencement of the repayment obligation for a consolidation student loan is set relative to the time when the holders of the loans being consolidated have "discharged the liability of the borrower" on those loans. 20 U.S.C. § 1078–3(c)(4). Additionally, Congress expressly provided that a consolidation student loan is a new loan for purposes of 20 U.S.C. § 1074, which sets the limitation on the annual amount of student loans covered by federal insurance. 20 U.S.C. § 1078–3(e).

From the record it is clear that the proceeds of the Consolidation Loan were disbursed to the holders of the Student Loans on March 14, 2000, postpetition. Ms. McBurney's liability on the Student Loans was extinguished by the disbursements. She incurred a new liability in its place, i.e., the Consolidation Loan.

II. Rule 12 Requires Dismissal of the Adversary Proceeding.

As provided by § 101(12), " 'debt' means liability on a claim." As provided by § 101(5), "claim," as applicable for our purposes, means "right to payment."

At the time she filed her chapter 7 petition in 1999, Ms. McBurney *was* liable for the Student Loans. Had she not entered into the Consolidation Loan, her liability for the prepetition Student Loans would have continued to exist and would properly be the subject of an adversary

proceeding filed in her reopened chapter 7 case to determine her ability to discharge the Student Loans based on alleged undue hardship, whenever brought. *See* Rule 4007. However, once her liability on the Student Loans was extinguished on March 14, 2000, the Student Loans were no longer debts.

■ As we have stated, the Consolidation Loan is a postpetition debt. Generally speaking, a chapter 7 debtor can discharge only debts that arose before the date of the order for relief. *See* § 727(b).

ECMC moved to dismiss the adversary complaint for failure to state a claim upon which relief can be granted. Rule 7012(b) (incorporating FED. R. CIV. P. 12(b)(6) in adversary proceedings in bankruptcy). In considering ECMC's Rule 7012 motion, we take as true all allegations of material fact made in Ms. McBurney's adversary complaint and construe those facts in the light most favorable to Ms. McBurney. *See Cervantes v. United States,* 330 F.3d 1186, 1187 (9th Cir.2003). The complaint should not be dismissed unless it appears beyond doubt that Ms. McBurney can prove no set of facts in support of her claim that would entitle her to relief. *See No. 84 Employer–Teamster Joint Council Pension Trust Fund v. Am. W. Holding Corp.,* 320 F.3d 920, 931 (9th Cir.2003); *Zimmer v. PSB Lending Corp. (In re Zimmer),* 313 F.3d 1220, 1222 (9th Cir.2002).

As is evident from the discussion above, at the time Ms. McBurney filed her adversary complaint, the Student Loans were not debts, and the Consolidation Loan was a postpetition debt not eligible for discharge under any circumstances in her 1999 chapter 7 case.[7] Accordingly, under

---

**6.** While BAPCPA reintroduced a subsection (A) to § 523(a)(8), the BAPCPA version of § 523(a)(8) does not revive the passage of a minimum repayment period as a basis to al-

low discharge of a student loan debt in cases filed on or after October 17, 2005.

**7.** We are deciding only that the Consolidation Loan is not dischargeable under § 523(a)(8)

no circumstances can Ms. McBurney demonstrate that she is entitled to relief under § 523(a)(8) in her pending adversary proceeding. *See generally Clarke v. Paige (In re Clarke)*, 266 B.R. 301 (Bankr. E.D.Pa.2001).

On that basis, the Bankruptcy Court erred in denying the Rule 7012 motion.

## CONCLUSION

Ms. McBurney's liability on the Student Loans was extinguished when the proceeds of the Consolidation Loan were disbursed. Ms. McBurney's Consolidation Loan is a postpetition debt not subject to discharge in her 1999 chapter 7 case. The bankruptcy court erred in denying ECMC's motion to dismiss the complaint for failure to state a claim upon which relief can be granted. We REVERSE and REMAND with instructions to enter an order dismissing the adversary proceeding.

in Ms. McBurney's 1999 chapter 7 case. The dischargeability of the Consolidation Loan in any future bankruptcy case Ms. McBurney might file is not an issue before us.